UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GEOFFREY OSBERG

On behalf of himself and on
behalf of all others similarly situated,

                Case No.: 07 CV 1358 (KBF)

                Plaintiff,

     - against -

FOOT LOCKER, INC.,

FOOT LOCKER RETIREMENT PLAN,

                Defendants.
-----------------------------------------------------------X

## DECLARATION OF ELI GOTTESDIENER

I, Eli Gottesdiener, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.     I am counsel to Plaintiff-Respondent ("Plaintiff") in the above-entitled action. I make this declaration based on my personal knowledge of the facts stated herein.

2.     Exhibits 1-37 are true and correct copies of what they are represented to be in Plaintiffs' Motion to Compel Discovery and/or what they on their face purport to be, to the best of my knowledge where the document was produced or provided to Plaintiff by Defendants and my knowledge is limited to Defendants' act of production. In particular, Exs. 8-8A and 12 are privilege logs; Exs. 7, 9, 11, and 34 are Discovery Requests and Objections and Responses to Discovery Requests; Ex. 20 is a Rule 30(b)(6) Deposition Notice; Exs. 3-6, 13, 16-18, 22-23, and 32-33 are letters written by counsel for the respective parties and sent to opposing counsel and/or the Court; Exs. 10, 14-15, 19, 21, 27-31, 36 are emails exchanged between counsel for the parties; Exs. 1-2 are two declarations by Nicole A. Eichberger and their respective attachments as provided to Plaintiff by Defendants on March 1 and March 21, 2012 respectively; Exs. 24-25

and 35 are documents produced in discovery by Defendants.  All documents identified by Bates Nos. with the prefix "FL-OSB" are true and correct copies of documents produced by Defendant in this action.  Exs. 26 and 37 are deposition transcripts in this action of defense witnesses Carol Kanowicz and Gary Bahler, respectively.

3. Defendants never responded to Plaintiff's request for a call in Plaintiff's March 29, 2012 letter.

4. During the March 23, 2012 interview of IT personnel from Foot Locker, Inc. and Proskauer Rose LLP, Plaintiff's counsel inquired as to Defendants' overall, general policies concerning Defendants' and defense counsel's ESI sources which, if followed as they were described, would have meant that Carol Kanowicz's and Marion Derham's "home drive" files and email would have been deleted absent a litigation hold in 2006 and that backup tapes in existence in 2006 would have been overwritten or destroyed absent a litigation hold.

5. Based on an internal review of documents produced to date by Defendants, Ms. Kanowicz's handwriting appears on only 8 such documents.

6. The parties resolved other discovery-related disputes through a good faith, meet-and-confer process without Court intervention, including disputes concerning privilege designations, deposition time limits, both parties' responses to various document requests and interrogatories, and a noticed 30(b)(6) deposition.

7. During the parties' June 5, 2012 meet-and-confer, in response to Plaintiff's request that Defendants clarify the statement they made in writing that Attorney Nicole Eichberger would be prepared to testify only as to "the document preservation issues addressed in her declaration" in a Rule 30(b)(6) deposition, Defendants asserted that limitation related to a distinction between document preservation and document collection, but conceded that there was

significant overlap between the two topics with respect to Ms. Eichberger's declaration and Defendants' document preservation, destruction, loss and collection issues. Defense counsel was unable during the June 5 meet-and-confer to coherently explain where Defendants would draw the line and said that Defendants did not disagree that questions regarding document collection could be directly related to document preservation, destruction or loss.

8. Plaintiff reminded Defendants during the parties' June 5 meet-and-confer that Defendants' decision to selectively waive privilege was entirely improper and suggested that the parties agree to submit to the Court for an *in camera* review the documents that Defendants logged as privileged that Plaintiff believes are being improperly withheld so that a determination as to their privileged status could be made.

9. Defendants asserted to Plaintiff's counsel on March 16 that they used an index in the ordinary course of business to track information concerning boxes of hard-copy documents sent to off-site storage, such as dates of destruction, and later explained on June 1 that it was a computerized log that Defendants began to use in or about 2006.

I, Eli Gottesdiener, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: June 7, 2012

                                       */s Eli Gottesdiener*
                                       Eli Gottesdiener