

**Gottesdiener**
Law Firm, PLLC

New York | Washington, D.C.
www.gottesdienerlaw.com

498 7th Street
Brooklyn, NY 11215
Tel: 718.788.1500
Fax: 718.788.1650

**Eli Gottesdiener**
eli@gottesdienerlaw.com

May 1, 2012

Via hand-delivery and email

Myron D. Rumeld
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299

    Re:  *Osberg v. Foot Locker, Inc., et al.*, 07 Civ. 1358 (KBF) (S.D.N.Y.)

Dear Myron:

    Thank you for your letter of April 24 regarding Plaintiff's continuing efforts to obtain from Defendants documents and information that Plaintiff needs to understand how Defendants could have failed for over 3 years to issue a litigation hold (including to their counsel and plan administrator which retained physical possession of vital Plan and Plan-related records of direct relevance to this case); to determine for himself what documents were destroyed or are no longer available as a result; and to independently assess Defendants' assertions that documents that Defendants on at least one occasion admitted were destroyed were in some unexplained fashion nevertheless only "allegedly" destroyed in 2008 and 2009, and/or not relevant to this action, and/or "otherwise available."  Regrettably, you continue to labor under the misapprehension that Plaintiff can accept your representations at face value without an adequate investigation of his own.  As you and I have discussed on more than one occasion, if the shoe were on the other foot, you would demand no less than we have.

    Your letter asserts that we reached some unspecified agreement when you and I spoke on April 12 that "moot[ed]" your previous agreement to allow Plaintiff to serve additional discovery requests out-of-time concerning document destruction and preservation issues.  As you know, on April 12, we agreed to try to find a solution by which you would produce additional documents that Plaintiff needs to fully investigate the extent of Defendants' document destruction – **not** an agreement to drop the issue even if your response to our requests consisted of nothing more than an outright refusal to produce the documents Plaintiff requests.  *See also* 4/10/12 Order, Doc. 64 (Court extending fact discovery through June 28, 2012 "to permit Plaintiff to conduct discovery with respect to issues relating to the possible loss of relevant evidence during the pendency of this lawsuit").  We cannot even begin to discuss an agreement to put this issue behind us if you refuse to provide the "Distribution List" showing to whom Defendants issued a litigation hold on October 8, 2009 and the emails from Dennis Sheehan, Pat Peck, Pat Santa Maria, and Richard Mazzatesta II that discuss and identify whole boxes of documents that had been destroyed after Plaintiff commenced litigation.  This is particularly true given that deposition testimony indicates

Myron D. Rumeld  Gottesdiener Law Firm, PLLC
May 1, 2012
Page 2

that defense counsel informed witnesses that Defendants had been unable to locate highly relevant notes concerning the conversion as late as March of this year and given that Defendants refuse to answer even very basic questions concerning their collection and preservation efforts, such as what efforts were made in February 2007 referenced in the March 21 Eichberger declaration.

     We are disappointed that after all this time and given the gravity of the situation Defendants are so unyielding.  After you belatedly informed us on March 1 that you knew no later than December 2009 that potentially relevant documents had been destroyed after Plaintiff commenced litigation against Defendants even though I had been seeking such information for the two-and-a-half years prior, you refused to meet with us concerning this admission for over a week until March 16.  Pl. 3/9/12 Ltr; Pl. 3/18/12 Ltr.  During that conference, defense counsel was unable or unwilling to provide any meaningful information.  *Id.*  In your subsequent March 21 letter, you provided almost no additional information, but instead amended information that you previously disclosed to further obfuscate the details of your efforts to investigate the extent of your post-litigation document destruction.  Defs. 3/21/12 Ltr.; 3/21/12 Eichberger Decl.  Most recently, you took almost three weeks to respond to our simple April 5 email asking that you provide your position regarding whether you will agree to produce additional documents concerning your document destruction.  Defs. 4/24/12 Ltr.

     Perhaps we can work this out still – but in the interim, we believe that it is clearly advisable and necessary for us to propound formal requests so that there is no confusion or misunderstanding over what documents we believe you need to produce, and so, in the event that we need to bring any document production issues to the attention of the Court, nothing will impede the Court from ordering compliance.

     Sincerely,

     /s

     Eli Gottesdiener

Enclosure

cc:    Howard Shapiro (via email)
        Nicole Eichberger (via email)
        Bridgit M. DePietto (via email)
        Page W. Griffin (via email)
        Robert W. Rachal (via email)