**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
**GEOFFREY OSBERG**                                      :
                                                         :
**On behalf of himself and on**                          :
**behalf of all others similarly situated,**             :
                                                         :  **Case No.: 07 CV 1358 (KBF)**
                          **Plaintiff,**                 :
                                                         :
          **- against -**                                :
                                                         :
**FOOT LOCKER, INC.,**                                   :
                                                         :
**FOOT LOCKER RETIREMENT PLAN,**                         :
                                                         :
                          **Defendants.**                :
-----------------------------------------------------------X

## DECLARATION OF ELI GOTTESDIENER

I, Eli Gottesdiener, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.       I am counsel to Plaintiff in the above-entitled action.  I make this declaration based on my personal knowledge of the facts stated herein.

2.       On July 27, 2012, in response to Plaintiff's numerous requests, Defendants produced an excerpt from the database of the off-site storage facility at Camp Hill that identifies 29,503 boxes that were destroyed at Camp Hill between June 2006 and October 2009.

3.       Exhibit 1 is a true and correct copy of a Plaintiff-created excerpt of the Camp Hill destruction database produced by Defendants.  That database (not attached) identifies 29,503 boxes that were destroyed at Camp Hill between June 2006 and October 2009.  Of these 29,503 boxes, 305 are identified specifically as originating from the "HR," "HR/Benefits," or "Benefits" department and 675 as originating from the "Legal" Department.  To create Exhibit 1, Plaintiff used the column labeled "Department" set forth in the Camp Hill destruction database provided by Defendants on July 27 to filter out any destroyed boxes of documents not specifically

1

identified as originating from the Human Resources, HR, Benefits, or Legal departments.  After limiting the database in this manner, the database was then thoroughly reviewed to remove any boxes originating from the HR/Benefits or Legal departments that appear irrelevant, leaving a total number of 141 boxes that were destroyed at Camp Hill between June 2006 and October 2009.  After finalizing this list, a column reading "Item No." was then inserted along with item numbers for each entry.

4.       61 boxes on the Camp Hill database do not have any department.  52 boxes have sub-sections of HR that Plaintiff presumed were irrelevant, such as "HR Recruiting" "HR / Public affairs," and "HR/FEP."

5.       The Camp Hill database provides, to a varying degree, information concerning each box identified therein, including (in some cases) the individual and/or department who sent a box to storage, the date that box was received at Camp Hill, and the "Retention End Date" of each box.  This information, also to a varying degree, appears to be a restatement of the information contained on a box i.d. slip associated with the box identified on the Camp Hill log.

6.       Plaintiff notes that the fact that the Camp Hill destruction database says "None" does not mean that the box i.d. slip contained no "Contents" information; indeed, Plaintiff has identified numerous boxes in the Camp Hill destruction database that read "None" and notes that the fact that the Camp Hill destruction database says "None" does not mean that the box i.d. slip contained no "Contents" information; indeed, Plaintiff has identified numerous boxes in the Camp Hill destruction database that read "None" while the box i.d. slips in fact provide a description of the contents.

7.       Approximately 400 of the core documents produced by Defendants contain handwriting, of which 59 contain at least a full page of handwriting and 345 contain handwritten

edits and comments on otherwise printed documents.  Much of this handwriting contains substantive material from members of the design Task Force, including meeting notes and edits and comments on draft presentations to upper management and the Board of Directors.  Ms. Kanowicz, a core member of the design Task Force, testified that she was an avid note-taker in Task Force meetings, but of the no less than 5 Task Force meetings Ms. Kanowicz attended between February 1995 and 1996 which are evidenced by the handwritten notes of Ms. Peck (who oversaw the Task Force) and other Task Force members including Mr. Kiley, Defendants have not produced a single page consisting entirely of handwritten notes taken by Ms. Kanowicz.  Moreover, while approximately 55 documents contain Task Force member Mr. Kiley's handwritten notes, 19 documents contain the handwriting of Task Force member Ms. Derham, and 18 contain that of Task Force manager Ms. Peck, no documents contain substantive handwritten notes from Ms. Kanowicz.

8.      Exhibit 2 is a true and correct copy of a compilation of box i.d. slips produced to Plaintiff via the Eichberger declarations and via UPS on June 7 and July 26, 2012.

9.      Exhibits 3-25 are true and correct copies of what they are represented to be in Plaintiffs' Motion for Sanctions and/or what they on their face purport to be, to the best of my knowledge where the document was produced or provided to Plaintiff by Defendants and my knowledge is limited to Defendants' act of production.  In particular, Exs. 5-6, 8-11, 14-15, 20 are letters written by counsel for the respective parties and sent to opposing counsel and/or the Court; Exs. 3, 12, 16-22, 24-25 are documents produced in discovery by Defendants.  All documents identified by Bates Nos. with the prefix "FL-OSB" or "FL-PRIV" are true and correct copies of documents produced by Defendant in this action.  Exs. 4, 13 and 23 are deposition transcripts in this action of defense witnesses Foot Locker (via Dennis Sheehan and Nicole

Eichberger) and Patricia Peck, respectively. Ex. 7 is the transcript of a Court hearing in the instant action, held on July 20, 2012 before Judge Forrest in the Southern District of New York.

I, Eli Gottesdiener, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: September 12, 2012

/s Eli Gottesdiener
Eli Gottesdiener