**MANDATE**

13-187-cv
Osberg v. Foot Locker, Inc.

N.Y.S.D. Case #
07-cv-1358(KBF)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand fourteen.

PRESENT:  RALPH K. WINTER,
          GUIDO CALABRESI,
          REENA RAGGI,
                    *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 02, 2014

------------------------------------------------------------------------
GEOFFREY OSBERG, on behalf of himself and on behalf
of all others similarly situated,

            *Plaintiff-Appellant*,

    v.                                                    No. 13-187-cv

FOOT LOCKER, INC., and FOOT LOCKER
RETIREMENT PLAN,

            *Defendants-Appellees*.
------------------------------------------------------------------------

APPEARING FOR APPELLANT:   ELI GOTTESDIENER, Gottesdiener Law Firm, PLLC, Brooklyn, New York.

APPEARING FOR APPELLEES:   MYRON D. RUMELD (Mark D. Harris, Proskauer Rose LLP, New York, New York; Robert W. Rachal, Heather G. Magier, Page W. Griffin, Proskauer Rose LLP, New Orleans,

1

|  |  |
|---|---|
|  | Louisiana, *on the brief*), Proskauer Rose LLP, New York, New York. |
| APPEARING FOR AMICUS CURIAE SETH D. HARRIS, ACTING SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR: | JEFFREY M. HAHN (M. Patricia Smith, Solicitor of Labor, Timothy D. Hauser, Associate Solicitor for Plan Benefits Security, Elizabeth Hopkins, Counsel for Appellate and Special Litigation, *on the brief*), Trial Attorney, U.S. Department of Labor, Washington, D.C. |
| FOR AMICUS CURIAE ERISA INDUSTRY COMMITTEE AND THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA: | Scott J. Macey, The ERISA Industry Committee, Washington, D.C.; Kathryn Comerford Todd, Steven P. Lehotsky, National Chamber Litigation Center, Inc., Washington, D.C.; Eric C. Bosset, Richard C. Shea, Robert S. Newman, Jason M. Levy, Covington & Burling LLP, Washington, D.C. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 12, 2012, is AFFIRMED IN PART and VACATED AND REMANDED IN PART.

Plaintiff Geoffrey Osberg appeals from an award of summary judgment in favor of defendants, his former employer Foot Locker, Inc., and Foot Locker Retirement Plan ("Foot Locker"), on claims that Foot Locker violated the Employee Retirement Income

2

Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., in converting its defined benefit pension plan to a cash balance retirement plan by (1) issuing false and misleading summary plan descriptions in violation of ERISA's disclosure requirements, see ERISA § 102(a), 29 U.S.C. § 1022(a); and (2) breaching fiduciary duties in making such materially false and misleading statements and omissions, see ERISA § 404(a), 29 U.S.C. § 1104(a). Osberg also appeals the dismissal of his claim that defendants failed to provide plan participants with notice, as required by ERISA § 204(h), 29 U.S.C. § 1054(h), that the cash balance plan would reduce future benefit accruals.

We review de novo the challenged dismissal and summary judgment award. See Frommert v. Conkright, 433 F.3d 254, 262 (2d Cir. 2006). In doing so, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm in part and to vacate and remand in part.

1. Section 204(h) Notice Claim

Osberg argues that the district court erred in concluding that he failed to state a plausible notice claim under ERISA § 204(h). He contends that the notice distributed by Foot Locker summarized only part of the new formula for calculating benefits and, therefore, did not inform participants that it effectively reduced the rate of future benefit accruals. Foot Locker submits that the version of ERISA in effect at the time of the challenged notice did not require such disclosure, that any deficiency was cured by

3

subsequent summary plan descriptions, and, in any event, that Osberg's § 204(h) claim is time-barred.

Here, we need not determine whether Osberg's § 204(h) notice claim is either timely or valid because § 204(h) does not, in any event, afford him the remedy he seeks, i.e., a pension benefit calculated under the cash balance plan but "with an opening balance equal to the value of the retirement annuity he had already earned under the old formula." Appellant's Reply Br. 5. See 10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co., 634 F.3d 112, 125 (2d Cir. 2011) (recognizing ability to affirm for any reason that finds support in record). This is because insufficient notice in violation of § 204(h) does not, as Osberg contends, invalidate only the undisclosed portion of the plan amendment, but rather voids the entire amendment. See Frommert v. Conkright, 433 F.3d at 268 ("Without . . . proper notice [under § 204(h) ] to Plan participants, the amendment was ineffective as to them."); see also CIGNA Corp. v. Amara, 131 S. Ct. 1866, 1884 (2011) (Scalia, J., concurring in the judgment) (observing that "[a]s the opinion for the Court notes, the Second Circuit has interpreted ERISA as permitting the invalidation of plan amendments not preceded by proper notice, by reason of § 204(h)" (internal citation omitted)). Because Osberg does not seek that relief, we affirm the district court's dismissal of his § 204(h) claim.

4

2. <u>Disclosure Claims</u>

As to his disclosure claims, Osberg contends that the district court erred in holding his § 102(a) claim time-barred, and in finding that he failed to raise a genuine issue of material fact entitling him to surcharge and contract reformation on either his § 102(a) or § 404(a) claims. Because Osberg seeks the same relief under § 404(a) as under § 102(a), and because the timeliness of the § 404(a) claim is undisputed, we need not conclusively decide whether Osberg's § 102(a) claim is subject to a three- or six-year statute of limitations to resolve the instant appeal.

To survive summary judgment on his disclosure claims, Osberg was required to raise a genuine issue of material fact with respect to his demand for "appropriate equitable relief"—specifically, surcharge or reformation—under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). See <u>CIGNA Corp. v. Amara</u>, 131 S. Ct. at 1879–80 (recognizing surcharge and reformation as traditional equitable remedies that may allow for awarding monetary compensation based on misleading disclosures). We recently articulated the appropriate analysis as follows:

> In order to impose an equitable remedy, the district court must consider two questions: (1) what remedy is appropriate; (2) whether Plaintiffs have established the requisite level of harm as a result of the notice violations.
>
> We have previously held that, for claims of ERISA notice violations, plaintiffs need to satisfy a standard of "likely prejudice." <u>Burke v. Kodak Ret. Income Plan</u>, 336 F.3d 103, 113 (2d Cir. 2003). The Supreme Court has since clarified that the standard of harm that plaintiffs must show depends upon the

5

> equitable remedy that plaintiffs seek. See Amara, 131 S. Ct. at 1881–82. For example, while "detrimental reliance" is a requirement for the remedy of estoppel, it is not a strict requirement for every equitable remedy. See id. at 1881. Thus, in considering whether Plaintiffs have made a sufficient showing of harm, the district court must consider this question in tandem with the equitable remedies it may impose. Id. at 1871.

Frommert v. Conkright, 738 F.3d 522, 534 (2d Cir. 2013).

Here, the district court concluded that Osberg's disclosure claims failed to raise an issue of fact as to whether he suffered the type of "actual harm" necessary to obtain the equitable relief of reformation and surcharge. Osberg v. Foot Locker, Inc., 907 F. Supp. 2d 527, 533–35 (S.D.N.Y. 2012). As to the remedy of reformation, we agree with Osberg that the district court erroneously applied an "actual harm" requirement.

In CIGNA Corp. v. Amara, the Supreme Court held that, with respect to the equitable remedies under § 502(a)(3), "any requirement of harm must come from the law of equity." 131 S. Ct. at 1881. To obtain contract reformation, equity does not demand a showing of actual harm. See Restatement (Second) of Contracts § 155 cmt. e (1981) (stating that party seeking reformation "need not show that the mistake has resulted in an inequality that adversely affects him"). Indeed, Foot Locker does not attempt to defend the award of summary judgment on Osberg's reformation claim on "actual harm" grounds. Rather, it urges affirmance on the following alternative grounds: (1) as a former employee, Osberg cannot pursue reformation, and (2) Osberg cannot show fraud or mutual mistake entitling him to reformation. We disagree.

6

Foot Locker construes Amara to hold that monetary relief is only available in ERISA cases via surcharge; therefore, absent a viable surcharge claim, the only beneficiaries with standing to pursue reformation are those that can prospectively benefit from a modification of plan terms, which does not include former employees. This interpretation is supported by neither Amara, see 131 S. Ct. 1879–82 (identifying three alternative—not interdependent—equitable avenues for obtaining monetary compensation for misleading disclosures), nor equity, see Baltzer v. Raleigh & Augusta Air-Line R. Co., 115 U.S. 634, 645 (1885) ("[I]t is well settled that equity would reform the contract, and enforce it, as reformed, if the mistake or fraud were shown"); Hogg v. Maxwell, 218 F. 356, 358 (2d Cir. 1914) (observing that if court of equity granted relief of contract reformation, it could "go on and do complete justice by awarding damages for the breach"); see also Johnson v. Meriter Health Servs. Emp. Ret. Plan, 702 F.3d 364, 369 (7th Cir. 2012) (holding that ERISA authorizes former employees to sue for unpaid benefits, whether under the plan as it is, or as it should be once reformed). As to the contention that Osberg cannot satisfy the other requirements for obtaining contract reformation, we leave that determination for the district court to address in the first instance on remand.

Because reformation of the plan would afford Osberg the total relief sought, there is no need for us now to decide whether he would also be entitled to recovery under surcharge. See Restatement (Third) of Trusts § 100 cmt. a (2012) (stating that where beneficiary is entitled to multiple avenues of recovery in equity for a fiduciary's breach of

7

trust, "recovery is to be based on the alternative that is more beneficial to the trust and its beneficiaries"). Thus, we affirm the district court's dismissal of the surcharge claim as moot. We do not, however, foreclose Osberg from seeking reinstatement of his surcharge claim in the district court or pursuing that claim in a future appeal should that court determine that reformation is not available.

We have considered Osberg's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED IN PART and VACATED AND REMANDED IN PART.

FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit