# EXHIBIT 87

Myron D. Rumeld (MR-3941)
Bridgit M. DePietto (BD-1110)
Howard Shapiro (*admitted pro hac vice*)
Nicole A. Eichberger (*admitted pro hac vice*)
Robert W. Rachal (*admitted pro hac vice*)
Page W. Griffin (*admitted pro hac vice*)
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GEOFFREY OSBERG**<br>**On behalf of himself and on**<br>**behalf of all others similarly situated,**<br><br>                              **Plaintiff,**<br><br>                    v.<br><br>**FOOT LOCKER, INC. and**<br>**FOOT LOCKER RETIREMENT PLAN,**<br><br>                              **Defendants.** | 07 Civ. 1358 (KBF)<br>**ECF CASE** |

**DEFENDANTS' THIRD AMENDED RESPONSES AND
OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS**

NOW COME Defendants Foot Locker, Inc. and Foot Locker Retirement Plan (collectively "Defendants"), through undersigned counsel, and amend their responses and objections as follows to Plaintiff's Requests for Admissions Numbers 4-6, 8, 15, and 17.

In responding to each Request for Admission, Defendants do not concede that any of the information provided is relevant, material, admissible, or reasonably calculated to lead to the discovery of admissible evidence. Defendants reserve the right to modify or to supplement their responses with such pertinent information as they may discover subsequently. Unless otherwise stipulated at a subsequent time, these responses are made solely for the purpose of this Action

and not for the purpose of any other action, including any other action which now is or in the future may be pending between or against some or all of the parties hereto.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**Request for Admission ("RFA") No. 1**

Admit that there are too many proposed Class members for joinder of all of them to be practicable.

**Response to RFA No. 1**

Defendants admit RFA No. 1.[1]

**RFA No. 2**

Admit that as to Count Three (Violation of ERISA § 102, 29 U.S.C. § 1022), the question whether the 1996 SPD complied with the requirements of ERISA § 102, 29 U.S.C. § 1022, presents a question of law and/or fact common to the Class.

**Response to RFA No. 2**

Defendants deny RFA No. 2.

**RFA No. 3**

Admit that as to Count Four (Violation of ERISA § 404(a), 29 U.S.C. § 1104(a)), the question whether the Administrator breached its ERISA § 404(a), 29 U.S.C. § 1104(a) fiduciary duties by intentionally, recklessly or negligently making materially false and misleading statements and omissions regarding the existence and extent of the wear-away caused by the amendment of the Plan adopting a cash balance formula effective January 1, 1996 presents a question of law or fact common to the Class.

---

[1] As to RFA No. 1, and all other RFA's that use the term "proposed Class," Defendants are responding to the RFA's that use the term "proposed Class" as it is defined in Plaintiff's First Set of Discovery Requests, but Defendants note that this definition is different than the definition of the "proposed Class" alleged in paragraph 10 of Plaintiff's Amended Class Action Complaint (Docket No. 57).

**Response to RFA No. 3**

Defendants deny RFA No. 3.

**RFA No. 4**

Admit that the January 1, 1996 opening cash balance accounts of each Class member were smaller than the present value (within the meaning of ERISA § 205(g)(3), 29 U.S.C. § 1054(g)(3) and IRC § 417(e)(3)) of the member's accrued benefit under the Plan on that date.

**Response to RFA No. 4**

Defendants object to RFA No. 4 as it is ambiguous with respect to the term "accrued benefit." Notwithstanding this specific objection, Defendants deny RFA 4.

**RFA No. 5**

Admit that all Class members experienced a period of wear-away following the conversion of the Plan to a cash balance plan effective January 1, 1996.

**Response to RFA No. 5**

Defendants admit that, with the exception of some of the putative Class members who received the one-time enhancement described in Section 1.23 of the Plan (*see* July 2, 2010 Declaration and Report of Cathy Niden), and who may never have experienced a period of wear-away, all Class members experienced a period of wear-away following the conversion of the Plan to a cash balance plan effective January 1, 1996.

**RFA No. 6**

Admit that each Class member experienced a period of wear-away following the conversion of the Plan to a cash balance plan effective January 1, 1996 because the January 1, 1996 opening cash balance accounts of each member was smaller than the present value (within the meaning of ERISA § 205(g)(3), 29 U.S.C. § 1054(g)(3) and IRC § 417(e)(3)) of the member's accrued benefit on that date.

**Response to RFA No. 6**

Defendants object to RFA No. 6 as it is ambiguous with respect to the terms "accrued benefit" and "due to." Notwithstanding these specific objections, Defendants admit that, with the exception of some of the putative Class members who received the one-time enhancement described in Section 1.23 of the Plan (*see* July 2, 2010 Declaration and Report of Cathy Niden), and who may never have experienced a period of wear-away, all Class members experienced a period of wear-away following the conversion of the Plan to a cash balance plan effective January 1, 1996, which was due, in part, to the fact that the January 1, 1996 opening cash balance account of each member was smaller than the present value (within the meaning of ERISA § 205(g)(3), 29 U.S.C. § 1054(g)(3) and IRC § 417(e)(3)) of the member's accrued benefit on that date to which they would be entitled if they had ceased working at that time and requested and were entitled to receive their accrued benefit in a lump sum.

**RFA No. 7**

Admit that the wear-away experienced either by, if you admit RFA No. 5, (a) all Class members or, if you do not admit RFA No. 5, (b) any Class member who you admit and/or do not deny experienced a period of wear-away, was material to any and all such Class members.

**Response to RFA No. 7**

Defendants deny RFA No. 7.

**RFA No. 8**

Admit that because the January 1, 1996 opening cash balance account of each Class member was smaller than the present value (within the meaning of ERISA § 205(g)(3), 29 U.S.C. § 1054(g)(3) and IRC § 417(e)(3)) of the person's accrued benefit on that date, it was foreseeable by Defendants that each member of the proposed Class would experience a wear-away period following conversion of the Plan to a cash balance plan and that for each

4

member of the Class who remained in Footlocker's employ, the period of wear-away was likely to be for a significant period of time.

**Response to RFA No. 8**

Defendants object to RFA No. 8 as it is ambiguous with respect to the terms "accrued benefit," "foreseeable," and "significant period of time." Notwithstanding these specific objections, Defendants admit that in light of the manner in which the starting value in the cash balance account was calculated, with the exception of some of the putative Class members who received the one-time enhancement described in Section 1.23 of the Plan (*see* July 2, 2010 Declaration and Report of Cathy Niden), it was foreseeable for each putative Class member that for some period of time after January 1, 1996, there would be a period of wear-away. Defendants deny that it was foreseeable by Defendants that for each member of the Class who remained in Footlocker's employ the period of wear-away was likely to be for a significant period of time. Defendants also deny that for each member of the Class who remained in Footlocker's employ the period of wear-away was for a significant period of time.

**RFA No. 9**

Admit that Defendants distributed the 1996 SPD to all members of the proposed Class.

**Response to RFA No. 9**

Defendants admit that a copy of the Summary Plan Description ("SPD") for the Woolworth Retirement Plan ("Plan") effective January 1, 1996, was distributed, that it was the intent of the administrator of the Plan to furnish a copy of this SPD to those participants and beneficiaries receiving benefits under the Plan at that time, consistent with the applicable law in effect at that time, and that Defendants have located no documentary means to confirm that the SPD was delivered to each and every putative Class member, nor have they located any documentary evidence of a failure or inability to deliver the SPD to any particular participant.

5

**RFA No. 10**

Admit that Defendants distributed a copy of the November 17, 1995 letter attached to Defendants' motion to dismiss as Doc. 12-5 to all members of the proposed Class.

**Response to RFA No. 10**

Defendants object to RFA No. 10 on the grounds that the Court dismissed with prejudice Plaintiff's ERISA § 204(h) claim. *See Osberg v. Foot Locker, Inc.*, No. 07-1358, -- F. Supp. 2d --, 2009 WL 2971834 (S.D.N.Y Sept. 16, 2009). Notwithstanding this specific objection, Defendants admit that a copy of the November 17, 1995 ERISA § 204(h) Notice regarding the Woolworth Retirement Plan, Bates stamped FL-OSB 000558-000560, and attached as Exhibit C to the Declaration of Nicole A. Eichberger, filed contemporaneously with Defendants' Memorandum in Support of Defendants' *Fed. R. Civ. P.* 12(B)(1), 12(B)(6) Motion To Dismiss Plaintiff Geoffrey T. Osberg's Complaint as Document 12-5, was distributed, that it was the intent of the plan administrator to furnish a copy of this Notice to "each applicable individual," consistent with the applicable law in effect at that time, and that Defendants have located no documentary means to confirm that the Notice was delivered to each and every putative Class member, nor have they located any documentary evidence of a failure or inability to deliver the Notice to any particular participant.

**RFA No. 11**

Admit that Doc. 16-3 attached to Plaintiff's opposition is a true and correct copy of a September 15, 1995 letter that Defendants distributed to all members of the proposed Class.

**Response to RFA No. 11**

Defendants admit that Document 16-3 (Exhibit 1 to the Declaration of Eli Gottesdiener filed in this Action on June 1, 2007) attached to Plaintiff's Opposition to Defendants' Motion to Dismiss the Class Action Complaint, is a true and correct copy of the September 15, 1995 letter

6

that Woolworth Corporation provided to U.S. Associates of Woolworth Corporation as of September 15, 1995.

**RFA No. 12**

Admit that Defendants communicated information to all members of the proposed Class about the conversion of the Plan to a cash balance plan (including information regarding the impact or potential impact of the conversion on each member's rate of benefit accrual following the conversion) in a consistent and uniform manner.

**Response to RFA No. 12**

Defendants object to RFA No. 12 as it is ambiguous with respect to the terms "rate of benefit accrual" and "consistent and uniform manner." Notwithstanding this specific objection, Defendants admit that the Defendants communicated to all putative Class members information about the cash balance conversion, consistent with their legal obligations, but the manner in which such communications were made, and the specific content of such communications, were not the same for all putative Class members.

**RFA No. 13**

Admit that Mr. Osberg's SPD claim under Count Three is typical of the SPD claims of the other members of the proposed Class.

**Response to RFA No. 13**

Defendants deny RFA No. 13.

**RFA No. 14**

Admit that Mr. Osberg's fiduciary breach claim under Count Four is typical of the fiduciary breach claims of the other members of the proposed Class.

**Response to RFA No. 14**

Defendants deny RFA No. 14.

**RFA No. 15**

Admit that Mr. Osberg did not execute a release of potential claims that would present the potential for a unique defense against him regarding his claims.

**Response to RFA No. 15**

Defendants deny RFA 15.

**RFA No. 16**

Admit that Mr. Osberg will fairly and adequately protect the interests of the proposed Class.

**Response to RFA No. 16**

Defendants deny RFA No. 16.

**RFA No. 17**

Admit that Defendants are not aware of any proposed Class member (apart from Plaintiff) who communicated to Defendants or any other person any concern about: (1) wear-away; (2) Defendants' use of a 9% interest rate for the creation of opening account balances; and/or (3) Defendants' adoption of the greater-of formula.

**Response to RFA No. 17**

Defendants object to RFA No. 17 on the grounds that the term "concern" is vague and ambiguous. Notwithstanding this specific objection, Defendants admit that they are presently aware of no prior complaints that were made specifically about the items delineated in RFA No. 17.

DATED:  April 9, 2012                                   Respectfully submitted,

                                        By: */s/ Myron D. Rumeld*
                                             Myron D. Rumeld (MR-3941)
                                             Bridgit M. DePietto (BD-1110)

8

Howard Shapiro (*admitted pro hac vice*)
Nicole A. Eichberger (*admitted pro hac vice*)
Robert W. Rachal (*admitted pro hac vice*)
Page W. Griffin (*admitted pro hac vice*)
Eleven Times Square
New York, NY 10036-8299
d 212.969.3021
f  212.969.2900

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 9th day of April, 2012, I served a copy of Defendants' Third Amended Responses and Objections to Plaintiff's Requests for Admissions via Electronic Mail upon all counsel of record.

/s/ Myron D. Rumeld
Myon D. Rumeld