# EXHIBIT 90

Myron D. Rumeld (MR-3941)
Bridgit M. DePietto (BD-1110)
Howard Shapiro (*admitted pro hac vice*)
Nicole A. Eichberger (*admitted pro hac vice*)
Robert W. Rachal (*admitted pro hac vice*)
Page W. Griffin (*admitted pro hac vice*)
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GEOFFREY OSBERG**<br>**On behalf of himself and on**<br>**behalf of all others similarly situated,**<br><br>                   **Plaintiff,**<br><br>     v.<br><br>**FOOT LOCKER, INC. and**<br>**FOOT LOCKER RETIREMENT PLAN,**<br><br>                   **Defendants.** | 07 Civ. 1358 (KBF)<br><br>**ECF CASE** |

## DEFENDANTS' TENTH SUPPLEMENTED
## RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

NOW COME Defendants Foot Locker, Inc. and Foot Locker Retirement Plan (collectively "Defendants"), through undersigned counsel, and amend their responses and objections as follows to Plaintiff's Interrogatories Numbers 2-4, 8-10, 12-13, and 15-23.

In responding to each Interrogatory, Defendants do not concede that any of the information provided is relevant, material, admissible, or reasonably calculated to lead to the discovery of admissible evidence.  Defendants reserve the right to modify or to supplement their responses with such pertinent information as they may discover subsequently.  Unless otherwise stipulated at a subsequent time, these responses are made solely for the purpose of this Action

and not for the purpose of any other action, including any other action which now is or in the future may be pending between or against some or all of the parties hereto.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1**

      If you do not provide an unqualified admission in response to RFA No. 1, please identify with specificity the basis upon which you deny that there are too many Class members for joinder of all of them to be practicable.

**Response to Interrogatory No. 1**

      Defendants provided an unqualified admission in response to RFA No. 1, and therefore, no response is required to Interrogatory No. 1.[1]

**Interrogatory No. 2**

      If you do not provide an unqualified admission in response to RFA No. 2, please identify with specificity:  (a) why you contend that the question whether the 1996 SPD complied with the requirements of ERISA § 102, 29 U.S.C. § 1022, fails to present a question of law and/or fact common to the Class; (b) what issues with respect to Count Three are not common to all members of the proposed Class; (c) the proposed Class member for whom the issues you have identified are distinct; and (d) how those issues for the Class members you identified are distinct rather than common with the remaining members of the Class.

**Response to Interrogatory No. 2**

      Defendants object to Interrogatory No. 2 to the extent it calls for a legal conclusion. Defendants further object to this Interrogatory to the extent that providing the information

---

[1]  As to Interrogatory No. 1 and all other Interrogatories that use the term "proposed Class," Defendants are responding to the Interrogatories that use the term "proposed Class" as it is defined in Plaintiff's First Set of Discovery Requests, but Defendants note that this definition is different than the definition of the "proposed Class" alleged in paragraph 10 of Plaintiff's Amended Class Action Complaint (Docket No. 57).

requested would reveal Defendants' counsel's strategy, mental impressions, conclusions, opinions and/or legal theories, and thus invades the attorney work-product privilege. Notwithstanding these specific objections, Defendants state that a court need not consider whether the Rule 23 criteria (including commonality) have been satisfied with respect to the issues raised because, as a matter of law, the 1996 SPD complied with the requirements of ERISA § 102, 29 U.S.C. § 1022.

In addition, Defendants state that any claim for relief based on an alleged failure to comply with Section 102 would be dependent, *inter alia*, on a showing of harm, which would not be common to the putative Class members, *inter alia*, because of differences among putative Class members in: the period of time (if any) after January 1, 1996 in which putative Class members experienced, or could have expected to experience, a period of wear-away; the extent to which putative Class members were positively or negatively impacted by the changes in their benefits in 1996; the extent to which putative Class members understood the implications for themselves of the cash balance conversion and other changes to their benefits; the extent to which, if more putative Class members understood better the wear-away effect of the cash balance conversion and complained about these effects, any resulting changes to the Plan would have positively or negatively impacted individual putative Class members; the extent to which putative Class members would have altered their benefit elections if they understood better their rights to an Early Retirement Subsidy; and other factors impacting whether, and the extent to which, individual putative Class members were harmed by their alleged failure to understand the implications of the changes to their benefits in 1996 and/or would have acted differently if they had better understood these implications.

Defendants further state that the claims of putative Class members will differ based on the availability of defenses based on the statute of limitations, failure to exhaust administrative remedies, and releases executed by putative Class members.

 Defendants' belief regarding the aforementioned differences among putative Class members is based on a review of documents produced in this Action, including but not limited to those identified within Defendants' responses to Interrogatory Nos. 8 and 10, and the recollection of the witnesses who have been deposed, including the current and former employees of Foot Locker, Inc. and the current and former employees of Mercer.  These witnesses have testified, *inter alia*, that: participants at different locations received different communications about the cash balance conversion; participants received additional information when terminating employment and/or requesting benefit estimates; and all participants had an opportunity to make inquiries, on an individualized basis, about the cash balance conversion and that many participants in fact availed themselves of this opportunity and on that basis, many participants received additional information beyond what was provided in documents circulated to all participants.  These witnesses also testified regarding the financial conditions of Foot Locker, Inc. during the relevant time period that necessitated a substantial reduction in the cost of retirement benefits, such that if the cash balance conversion was not implemented in the manner chosen, there would have been other changes to the retirement plan program.  These witnesses also testified to the fact that, at various times and various locations, terminated participants received severance in return for the execution of a release.

**Interrogatory No. 3**

If you do not provide an unqualified admission in response to RFA No. 3, please identify with specificity:  (a) why you contend that the question in RFA No. 3 fails to present a question of law and/or fact common to the Class; (b) what issues with respect to Count Four are not

4

common to all members of the proposed Class; (c) the proposed Class member for whom the issues you have identified are distinct; and (d) how those issues for the Class members you identified are distinct rather than common with the remaining members of the Class.

**Response to Interrogatory No. 3**

Defendants object to Interrogatory No. 3 to the extent it calls for a legal conclusion. Defendants further object to Interrogatory No. 3 to the extent that providing the information requested would reveal Defendants' counsel's strategy, mental impressions, conclusions, opinions and/or legal theories, and thus invades the attorney work-product privilege. Notwithstanding these specific objections, Defendants state that a court need not consider whether the Rule 23 criteria (including commonality) have been satisfied with respect to the issues raised because, as a matter of law, Defendants did not breach their fiduciary duties with respect to their communications to Plan participants concerning the cash balance conversion.

In addition, Defendants state that any claim for fiduciary breach would be dependent, *inter alia*, on factual issues regarding communications concerning the cash balance conversion that were not common to all putative Class members and on a showing of harm, materiality and/or detrimental reliance, which would not be common to the putative Class members. Defendants also incorporate by reference their response to Interrogatory 2.

**Interrogatory No. 4**

If you do not provide unqualified admissions in response to RFA Nos. 4-8, please identify with specificity:  (a) all proposed Class members who you contend did not experience a period of wear-away following conversion of the Plan to a cash balance plan; (b) all facts, information and/or theories upon which you base your less-than-unqualified admission to RFA No. 4 and your contention that less than all proposed Class members experienced a period of wear-away; and (c) how such Class members differed from any Class member who you admit

and/or do not deny experienced a period of wear-away following conversion of the Plan to a cash balance plan effective January 1, 1996.

**Response to Interrogatory No. 4**

Defendants object to Interrogatory No. 4 insofar as it incorporates the ambiguous terms from RFA Nos. 4-8, including the terms "accrued benefit," "material," "foreseeable," and "significant period of time. Defendants' inability to make unqualified admissions with respect to RFA Nos. 4-8 was based in part on the vagueness and ambiguity of these terms, and Defendants therefore were obliged to qualify certain Admissions consistently with a reasonable understanding of the Requests. Notwithstanding these specific objections, Defendants refer to Defendants' amended responses to RFA No. 5-8.

**Interrogatory No. 5**

If you do not provide an unqualified admission in response to RFA No. 9, please identify with specificity: (a) any Class member to whom Defendants did not distribute the 1996 SPD and (b) all facts or information in your possession, custody or control supporting your less-than-unqualified admission in response to RFA No. 9 and/or your belief that you did not distribute the 1996 SPD to such person(s).

**Response to Interrogatory No. 5**

As stated in RFA No. 9, Defendants admit that a copy of the Summary Plan Description ("SPD") for the Woolworth Retirement Plan ("Plan") effective January 1, 1996 was distributed, that it was the intent of the administrator of the Plan to furnish a copy of this SPD to those participants and beneficiaries receiving benefits under the Plan at that time, consistent with the applicable law in effect at that time, and that Defendants have located no documentary means to confirm that the SPD was delivered to each and every putative Class member, nor have they

located any documentary evidence of a failure or inability to deliver the SPD to any particular participant.

**Interrogatory No. 6**

If you do not provide an unqualified admission in response to RFA No. 10, please identify with specificity all facts or information in your possession, custody or control supporting your denial of RFA No. 10 or the grounds or bases for your less-than-unqualified admission.

**Response to Interrogatory No. 6**

Defendants object to Interrogatory No. 6 and RFA No. 10 on the grounds that the Court dismissed with prejudice Plaintiff's ERISA § 204(h) claim. *See Osberg v. Foot Locker, Inc*., No. 07-1358, -- F. Supp. 2d --, 2009 WL 2971834 (S.D.N.Y Sept. 16, 2009). Notwithstanding this specific objection, Defendants have admitted that a copy of the November 17, 1995 ERISA § 204(h) Notice regarding the Woolworth Retirement Plan, Bates stamped FL-OSB 000558-000560, and attached as Exhibit C to the Declaration of Nicole A. Eichberger, filed contemporaneously with Defendants' Memorandum in Support of Defendants' *Fed. R. Civ. P.* 12(B)(1), 12(B)(6) Motion To Dismiss Plaintiff Geoffrey T. Osberg's Complaint as Document 12-5, was distributed, that it was the intent of the plan administrator to furnish a copy of this Notice to "each applicable individual," consistent with the applicable law in effect at that time, and that Defendants have located no documentary means to confirm that the Notice was delivered to each and every putative Class member, nor have they located any documentary evidence of a failure or inability to deliver the Notice to any particular participant.

**Interrogatory No. 7**

If you do not provide an unqualified admission in response to RFA No. 11, identify with specificity all facts or information in your possession, custody or control supporting your denial of RFA No. 11 or our less-than-unqualified admission.

**Response to Interrogatory No. 7**

Defendants admitted in RFA No. 11 that Document 16-3 (Exhibit 1 to the Declaration of Eli Gottesdiener filed in this Action on June 1, 2007) attached to Plaintiff's Opposition to Defendants' Motion to Dismiss the Class Action Complaint, is a true and correct copy of the September 15, 1995 letter that Woolworth Corporation provided to U.S. Associates of Woolworth Corporation as of September 15, 1995.

**Interrogatory No. 8**

Please identify with specificity: (a) all company-wide presentations and/or handouts regarding the cash balance plan conversion that Mr. Shapiro and/or Ms. Eichberger ("your counsel") discussed with Judge Batts at the parties' January 8, 2010 status conference; (b) all facts or information that were then actually known to your counsel as of January 8, 2010 supporting the representations your counsel made to Judge Batts regarding such company-wide presentations, handouts and/or the employees who attended such presentations; and (c) all other facts or information regarding such presentations, handouts and/or the employees who attended such presentations that you (or your counsel) learned since the conclusion of the status conference.

**Response to Interrogatory No. 8**

Defendants object to this Interrogatory to the extent it requests information that is protected by the attorney-client privilege or work-product doctrine. Notwithstanding this specific objection, and pursuant to *Fed. R. Civ. P.* 33(d) and Local Civil Rule 33.1, Defendants state that the information responsive to each of these requests is contained in the documents produced, commencing on March 18, 2010 and continuing forward, and the recollection of witnesses, including: Carol Kanowicz, former Director of Pension Plan and 401(k) Plan at Foot Locker, Inc.; Tom Kiley, former Manager of Benefits Planning and Design at Foot Locker, Inc.,

and Marion Derham, former Benefits Manager at Foot Locker, Inc.  Based upon the wording of

Interrogatory No. 8, Defendants believe that almost all documents produced with respect to

individual and group participant communications may be viewed as responsive, but identify the

following documents as being clearly responsive:  FL-OSB 001788-FL-OSB 001836; FL-OSB

001855-FL-OSB 001857; FL-OSB 001863-FL-OSB 001880; FL-OSB 002062-FL-OSB 002074;

FL-OSB 002098-FL-OSB 002113; FL-OSB 002116-FL-OSB 002122; FL-OSB 002178-FL-OSB

002181; FL-OSB 002186-FL-OSB 002188; FL-OSB 002242-FL-OSB 002244; FL-OSB

002366-FL-OSB 002366; FL-OSB 002519-FL-OSB 002525; FL-OSB 003042-FL-OSB 003042;

FL-OSB 003180-FL-OSB 003185; FL-OSB 003240-FL-OSB 003245; FL-OSB 003270-FL-OSB

003274.  At this time, Defendants cannot distinguish with specificity among the documents and

information that they were in possession of before and after the Court conference, nor do they

believe they are required to provide this information.

### Interrogatory No. 9

If you do not provide an unqualified admission in response to RFA No. 12, please

identify with specificity any member of the proposed Class to whom Defendants communicated

information about the conversion to a cash balance plan (including information regarding the

impact or potential impact of the conversion on each member's rate of benefit accrual following

the conversion) that was different or materially different from the information communicated to

other members of the proposed Class and specify all different or materially different information

and the dates and manner in which such different or materially different information was

communicated.

### Response to Interrogatory No. 9

Defendants object to Interrogatory No. 9 insofar as it incorporates the ambiguous terms

from RFA No. 12, including the terms "rate of benefit accrual" and "consistent and uniform

manner." Defendants further object to Interrogatory No. 9 on the grounds that the phrase

"different or materially different information" is vague and ambiguous.  Defendants further

object to Interrogatory No. 9 to the extent it requests information that is protected by the

attorney-client privilege or work-product doctrine.  Notwithstanding these specific objections,

Defendants believe that the information provided to each Class member was not the same.

Defendants' belief is based on a review of documents, including but not limited to those

identified within Defendants' responses to Interrogatory Nos. 8 and 10, and the recollection of

witnesses who have been deposed in this Action, or have been made available for deposition.

These witnesses include the following:  Pat Peck, VP of Human Resources at Foot Locker, Inc.;

Carol Kanowicz, former Director of Pension Plan and 401(k) Plan at Foot Locker, Inc.; Tom

Kiley, former Manager of Benefits Planning and Design at Foot Locker, Inc.; Sherry Flesses,

Corporate Benefits Technical Administrator for Foot Locker, Inc., Marion Derham, former

Benefits Manager for Foot Locker, Inc., and Linda Ine, former Benefits Manager at Foot Locker,

Inc.  These witnesses have or will testify that participants at different locations received different

communications about the cash balance conversion, that all participants had an opportunity to

make inquiries, on an individualized basis, about the cash balance conversion and that many

participants in fact availed themselves of this opportunity, and that many participants received

benefit estimates or additional information explaining the calculation of their benefits either in

conjunction with the termination of their employment or in response to requests for benefit

estimates.  Given the passage of time, witnesses cannot recall with specificity the identity of

participants making specific inquiries or the specific nature of their inquiries but it is believed

that the inquiries included questions about how the cash balance benefits would be calculated.

Defendants also incorporate by reference their Response to Interrogatory 2.

**Interrogatory No. 10**

Please identify with specificity any and all documents or other information that Defendants provided to any member or members of the proposed Class that you contend gave them actual knowledge that a wear-away period would or did occur following conversion of the Plan to a cash balance Plan and/or the extent, possible extent or likely extent of such wear-away period, including the dates and manner in which you provided such documents or other information to such Class member(s), the identity of such Class member(s), evidence that such Class member(s) received the documents or other information, and for each such document and/or other information, the way in which the document and/or other information gave the Class member(s) actual knowledge.

**Response to Interrogatory No. 10**

Defendants believe that all communications, whether in writing or orally, that advised participants of the manner in which their Plan benefits would be calculated, including but not limited to the fact that participants would receive the greater of the amount in their cash balance account or a minimum benefit based on their accrued benefit under the prior plan, communications explaining the calculation of participant benefits when terminating employment, and communications explaining the manner in which the initial account balance was calculated and/or how lump sum benefits would be calculated, effectively put them on notice that there would or could be a period of wear-away.  The written communications are contained in the documents produced in this Action.  The witnesses with knowledge of both written and oral communications include:  Pat Peck, VP of Human Resources at Foot Locker, Inc.; Carol Kanowicz, former Director of Pension Plan and 401(k) Plan at Foot Locker, Inc.; Tom Kiley, former Manager of Benefits Planning and Design at Foot Locker, Inc.; Sherry Flesses, Corporate Benefits Technical Administrator at Foot Locker, Inc., Marion Derham, former Benefits

Manager at Foot Locker, Inc., and Linda Ine, former Benefits Manager at Foot Locker, Inc.

Based upon the wording of Interrogatory No. 10, Defendants believe that almost all documents

produced with respect to individual and group participant communications may be viewed as

responsive, but identify the following documents as being clearly responsive:

- <u>Communications about the Plan</u>:  FL-OSB 001846 -FL-OSB 001846; FL-OSB 002024 -
  FL-OSB 002026; FL-OSB 001847-FL-OSB 001849; FL-OSB 001861 -FL-OSB 001862;
  FL-OSB 002186 -FL-OSB 002188; FL-OSB 002371-FL-OSB 002373; FL- OSB 002536
  -FL-OSB 002538; FL-OSB 003496 -FL-OSB 003498; FL-OSB 004206 -FL-OSB
  004209; FL-OSB 004216 -FL-OSB 004218; FL-OSB 004221 -FL-OSB 004223; FL-OSB
  005944 -FL-OSB 005946; FL-OSB 005995 -FL-OSB 005997; FL- OSB 007153 -FL-
  OSB 007155; FL-OSB 007159 -FL-OSB 007161; FL-OSB 007240 -FL-OSB 007242;
  FL-OSB 003490-FL-OSB 003491; FL-OSB 004282- FL-OSB 004285; FL-OSB 003009
  -FL-OSB 003031; FL-OSB 003874 -FL-OSB 003897; FL- OSB 003466 -FL-OSB
  003489; FL-OSB 003500 -FL-OSB 003522; FL-OSB 004249 -FL-OSB 004272;

- <u>Individual participant communications</u>:  FL-OSB 001788-FL-OSB 001791; FL-OSB
  001792-FL-OSB 001805; FL-OSB 001806-FL-OSB 001820; FL-OSB 001821-FL-OSB
  001836; FL-OSB 001855 -FL-OSB 001856; FL-OSB 001857; FL-OSB 001866 -FL-OSB
  001867; FL-OSB 001868-FL-OSB 001870; FL-OSB 001871 -FL-OSB 001880; FL-OSB
  002062 -FL-OSB 002074; FL-OSB 002098 -FL-OSB 002100; FL-OSB 002101 -FL-
  OSB 002103; FL-OSB 002104 -FL-OSB 002108; FL-OSB 002109-FL- OSB 002113;
  FL-OSB 002122; FL-OSB 002178-FL-OSB 002181; FL-OSB 002253-FL-OSB 002258;
  FL-OSB 002366; FL-OSB 002367; FL-OSB 002368 -FL- OSB 002370; FL-OSB
  002519-FL-OSB 002525; FL-OSB 003186; FL-OSB 003187- FL-OSB 003188; FL-OSB
  003189; FL-OSB 003190- FL-OSB 003195; FL-OSB 003196 -FL-OSB 003198; FL-OSB
  003199 -FL-OSB 003201; FL-OSB 003240-FL-OSB 003245; FL-OSB 003492-FL-OSB
  003495; FL-OSB 003762; FL-OSB 004081; FL-OSB 004078 -FL-OSB 004080; FL-OSB
  004273 -FL-OSB 004275; FL-OSB 004276-FL- OSB 004281; FL-OSB 007179 -FL-
  OSB 007180; FL-OSB 007181 -FL-OSB 007182; FL-OSB 007183 -FL-OSB 007184;
  FL-OSB 007185 -FL-OSB 007189; FL-OSB 007190 -FL-OSB 007194; FL-OSB 007220
  -FL-OSB 007222; FL-OSB 007223 -FL- OSB 007225; FL-OSB 007227; FL-OSB
  007583 -FL-OSB 007587; FL-OSB 007593; FL-OSB 007594 -FL-OSB 007596; FL-OSB
  007598 - FL-OSB 007609; FL-OSB 007627 -FL-OSB 007631; FL-OSB 007632 -FL-
  OSB 007635; FL-OSB 007636-FL- OSB 007637; FL-OSB 007638 -FL-OSB 007642;
  FL-OSB 007652; FL-OSB 007653; FL-OSB 007663; FL-OSB 007666; FL-OSB 007667;
  FL-OSB 007668; FL-OSB 007703; FL-OSB 007704; FL-OSB 007705; FL-OSB 007706;
  FL-OSB 007707; FL-OSB 007708; FL-OSB 007709; FL-OSB 007710; FL-OSB 007711;
  FL-OSB 007712; FL-OSB 007713; FL-OSB 007714; FL-OSB 007715; FL-OSB 007716;
  FL-OSB 007717; FL-OSB 007718; FL-OSB 007719; FL-OSB 007720; FL-OSB 007721;
  FL-OSB 007912; FL-OSB 007913; FL-OSB 007914 -FL-OSB 007915; FL-OSB 007916
  -FL-OSB 007919; FL-OSB 007920 -FL-OSB 007923; FL-OSB 007924 -FL-OSB
  007927; FL-OSB 007928 -FL-OSB 007931; FL-OSB 007932 -FL-OSB 007935; FL-OSB
  007936 -FL-OSB 007939; FL-OSB 007940 -FL-OSB 007943; FL-OSB 007944 -FL-

OSB 007947; FL-OSB 007948 -FL-OSB 007951; FL-OSB 007952 -FL-OSB 007955; FL-OSB 007956 -FL-OSB 007959; FL-OSB 007960 -FL-OSB 007963; FL-OSB 007964 -FL-OSB 007967; FL-OSB 007968 -FL-OSB 007971; FL-OSB 007972 -FL-OSB 007975; FL-OSB 007976 -FL-OSB 007979; FL-OSB 007980 -FL-OSB 007983; FL-OSB 007984 -FL-OSB 007987; FL-OSB 007988 -FL-OSB 007991; FL-OSB 007992 -FL-OSB 007995; FL-OSB 007996 -FL-OSB 007999; FL-OSB 008000 -FL-OSB 008003; FL-OSB 008004 -FL-OSB 008007; FL-OSB 008008 -FL-OSB 008011; FL-OSB 008012 -FL-OSB 008015; FL-OSB 008016 -FL-OSB 008019; FL-OSB 008020 -FL-OSB 008023; FL-OSB 008024 -FL-OSB 008027; FL-OSB 008028 -FL-OSB 008031; FL-OSB 008032 -FL-OSB 008035; FL-OSB 008036 -FL-OSB 008039; FL-OSB 008040 -FL-OSB 008043; FL-OSB 008044 -FL-OSB 008047; FL-OSB 008048- FL-OSB 008051; FL-OSB 008052 -FL-OSB 008055; FL-OSB 008056 -FL-OSB 008059; FL-OSB 008060 -FL-OSB 008063; FL-OSB 008064 -FL-OSB 008067; FL-OSB 008068 -FL-OSB 008071; FL-OSB 008072 -FL-OSB 008075; FL-OSB 008076 -FL-OSB 008079; FL-OSB 008080- FL-OSB 008083; FL-OSB 008084 -FL-OSB 008087; FL-OSB 008088 -FL-OSB 008091; FL-OSB 008092 -FL-OSB 008095; FL-OSB 008096 -FL-OSB 008099; FL-OSB 008100 -FL-OSB 008103; FL-OSB 008104 -FL-OSB 008107; FL-OSB 008108 -FL-OSB 008109; FL-OSB 008110 -FL-OSB 008111; FL-OSB 008112 -FL-OSB 008113; FL-OSB 008114 -FL-OSB 008115; FL-OSB 008116 -FL-OSB 008117; FL-OSB 008118 -FL-OSB 008119; FL-OSB 008120 -FL-OSB 008121; FL-OSB 008122 -FL-OSB 008123; FL-OSB 008124 -FL-OSB 008125; FL-OSB 008126 -FL-OSB 008127; FL-OSB 008128 -FL-OSB 008129; FL-OSB 008130 -FL-OSB 008131; FL-OSB 008132 -FL-OSB 008133; FL-OSB 008134- FL-OSB 008135; FL-OSB 008136 -FL-OSB 008137; FL-OSB 008138 -FL-OSB 008142; FL-OSB 008143 -FL-OSB 008146; FL-OSB 008147- FL-OSB 008150; FL-OSB 008151 -FL-OSB 008154; FL-OSB 008155 -FL-OSB 008158; FL-OSB 008159 -FL-OSB 008162; FL-OSB 008163 -FL-OSB 008166; FL-OSB 008167 -FL-OSB 008170; FL-OSB 008171 -FL-OSB 008174; FL-OSB 008175 -FL-OSB 008193; FL-OSB 008194 -FL-OSB 008197; FL-OSB 008198 -FL-OSB 008201; FL-OSB 008202 -FL-OSB 008205; FL-OSB 008206 -FL-OSB 008209; FL-OSB 008210 -FL-OSB 008213; FL-OSB 008214 -FL-OSB 008217; FL-OSB 008218 -FL-OSB 008221; FL-OSB 008222 -FL-OSB 008225; FL-OSB 008226- FL-OSB 008229; FL-OSB 008230 -FL-OSB 008233; FL-OSB 008234 -FL-OSB 008237; FL-OSB 008238 -FL-OSB 008241; FL-OSB 008242 -FL-OSB 008245; FL-OSB 008250 -FL-OSB 008253; FL-OSB 008254 -FL-OSB 008257; FL-OSB 008258 -FL-OSB 008261; FL-OSB 008262 -FL-OSB 008265; FL-OSB 008266 -FL-OSB 008269; FL-OSB 008280 -FL-OSB 008283; FL-OSB 008284 -FL-OSB 008287; FL-OSB 008288 -FL-OSB 008291; FL-OSB 008292 -FL-OSB 008295; FL-OSB 008300 -FL-OSB 008303; FL-OSB 008304 -FL-OSB 008307; FL-OSB 008308 -FL-OSB 008311; FL-OSB 008312 -FL-OSB 008315; FL-OSB 008316 -FL-OSB 008319; FL-OSB 008351 -FL-OSB 008354; FL-OSB 008355 -FL-OSB 008358; FL-OSB 008359 -FL-OSB 008362; FL-OSB 008363 -FL-OSB 008369; FL-OSB 008370; FL-OSB 008371 -FL-OSB 008374; FL-OSB 008375 -FL-OSB 008378; FL-OSB 008379 -FL-OSB 008382; FL-OSB 008383 -FL-OSB 008386; FL-OSB 008387- FL-OSB 008390; FL-OSB 008391 -FL-OSB 008394; FL-OSB 008395 -FL-OSB 008398; FL-OSB 008399 -FL-OSB 008402; FL-OSB 008403 -FL-OSB 008406; FL-OSB 008407 -FL-OSB 008410; FL-OSB 008411 -FL-OSB 008414; FL-OSB 008415 -FL-OSB 008418; FL-OSB 008419 -FL-OSB 008422; FL-OSB 008423 -FL-

OSB 008426; FL-OSB 008427 -FL-OSB 008430; FL-OSB 008431 -FL-OSB 008434; FL-OSB 008435 -FL-OSB 008438; FL-OSB 008439 -FL-OSB 008442; FL-OSB 008443 -FL-OSB 008446; FL-OSB 008447 -FL-OSB 008450; FL-OSB 008451 -FL-OSB 008454; FL-OSB 008455 -FL-OSB 008458; FL-OSB 008459 -FL-OSB 008462; FL-OSB 008463 -FL-OSB 008466; FL-OSB 008467 -FL-OSB 008470; FL-OSB 008471 -FL-OSB 008474; FL-OSB 008475 -FL-OSB 008478; FL-OSB 008479 -FL-OSB 008482; FL-OSB 008483 -FL-OSB 008486; FL-OSB 008487 -FL-OSB 008490; FL-OSB 008491- FL-OSB 008494; FL-OSB 008499 -FL-OSB 008502; FL-OSB 008503 -FL-OSB 008509; FL-OSB 008510 -FL-OSB 008516; FL-OSB 008517 -FL-OSB 008523; FL-OSB 008524 -FL-OSB 008530; FL-OSB 009314 -FL-OSB 009321; FL-OSB 009322 -FL-OSB 009329; FL-OSB 009330 -FL-OSB 009331; FL-OSB 009332 -FL-OSB 009348; FL-OSB 009349-FL-OSB 009361; FL-OSB 009362-FL-OSB 009379; FL-OSB 009380- FL-OSB 009391; FL-OSB 009392-FL-OSB 009404; FL-OSB 009406 -FL-OSB 009408; FL-OSB 009410 -FL-OSB 009412; FL-OSB 009418 -FL-OSB 009419; FL-OSB 009434 -FL-OSB 009438; FL-OSB 009439; FL-OSB 009443-FL-OSB 009450; FL-OSB 009451-FL-OSB 009453; FL-OSB 009456-FL-OSB 009459; FL-OSB 009460 -FL-OSB 009469; FL-OSB 009471; FL-OSB 009488 -FL-OSB 009489; FL-OSB 009508 -FL-OSB 009513; FL-OSB 009520-FL-OSB 009521; FL-OSB 009527 -FL-OSB 009528; FL-OSB 009536; FL-OSB 009577; FL-OSB 009580; FL-OSB 009583; FL-OSB 009586; FL-OSB 009589; FL-OSB 009592; FL-OSB 009612; FL-OSB 009617-FL-OSB 009620; FL-OSB 009622 -FL-OSB 009626; FL-OSB 009794; FL-OSB 009798 -FL-OSB 009799; FL-OSB 009800 -FL-OSB 009801; FL-OSB 009802 -FL-OSB 009803; FL-OSB 009804 -FL-OSB 009805; FL-OSB 009806 -FL-OSB 009807; FL-OSB 009808 -FL-OSB 009809; FL-OSB 009810 -FL-OSB 009811; FL-OSB 009812 -FL-OSB 009813; FL-OSB 009816 -FL-OSB 009817; FL-OSB 009818 -FL-OSB 009819; FL-OSB 009820 -FL-OSB 009826; FL-OSB 009897; FL-OSB 009920- FL-OSB 009924; FL-OSB 009937-FL-OSB 009939; FL-OSB 009940- FL-OSB 009942; FL-OSB 009943-FL-OSB 009945; FL-OSB 009946- FL-OSB 009948; FL-OSB 010094; FL-OSB 010095- FL-OSB 010097; FL-OSB 010132-FL-OSB 010137; FL-OSB 010149 -FL-OSB 010162; FL-OSB 010186; FL-OSB 010187 -FL-OSB 010188; FL-OSB 010189 -FL-OSB 010190; FL-OSB 010191 -FL-OSB 010192; FL-OSB 010193; FL-OSB 010194 -FL-OSB 010195; FL-OSB 010196 -FL-OSB 010197; FL-OSB 010328 -FL-OSB 010329; FL-OSB 010330-FL-OSB 010331; FL-OSB 010335; FL-OSB 010344- FL-OSB 010348; FL-OSB 010354-FL-OSB 010356; FL-OSB 010360-FL-OSB 010362; FL-OSB 010371; FL-OSB 010380; FL-OSB 010385; FL-OSB 010394 -FL-OSB 010397; FL-OSB 010405 -FL-OSB 010406; FL-OSB 010421 -FL-OSB 010422; FL-OSB 010433 -FL-OSB 010434; FL-OSB 010452; FL-OSB 010465-FL-OSB 010467; FL-OSB 010471 -FL-OSB 010476; FL-OSB 010488 -FL-OSB 010491; FL-OSB 010574 -FL-OSB 010575; FL-OSB 010576 -FL-OSB 010580; FL-OSB 010581 -FL-OSB 010585; FL-OSB 010586 -FL-OSB 010589; FL-OSB 010590 -FL-OSB 010591; FL-OSB 010592; FL-OSB 010712 -FL-OSB 010713; FL-OSB 010749; FL-OSB 010750; FL-OSB 010751; FL-OSB 010752; FL-OSB 010758 -FL-OSB 010759;

- Documents stating and/or implying documents and/or information were provided to putative class members:  FL-OSB 003041-FL-OSB 003042; FL-OSB 003179; FL-OSB 003761; FL-OSB 004286-FL-OSB 004287; FL-OSB 009469; FL-OSB 010398 -FL- OSB 010399; FL-OSB 010449- FL-OSB 010451; FL-OSB 010482; FL-OSB 010483 -FL-OSB 010485; FL-OSB 010486 -FL-OSB 010487;

- <u>Information available to HR personnel that could have been communicated to putative class members</u>:  FL-OSB 002042 -FL-OSB 002055; FL-OSB 003993 -FL-OSB 004024; FL-OSB 007644 -FL-OSB 007645; FL-OSB 007643; FL-OSB 007646; FL-OSB 007651; FL-OSB 007654; FL-OSB 007655 -FL-OSB 007656; FL-OSB 007664; FL- OSB 009548 -FL-OSB 009550; FL-OSB 009949 -FL-OSB 010059; FL-OSB 010088-FL-OSB 010093; FL-OSB 010095 -FL-OSB 010097; FL-OSB 010167; FL-OSB 010174 -FL-OSB 010175; FL-OSB 010180; FL-OSB 010336; FL-OSB 010337; FL-OSB 010338; FL-OSB 010339 -FL-OSB 010341; FL-OSB 010349 -FL-OSB 010352; FL-OSB 010357 -FL-OSB 010358; FL-OSB 010359; FL-OSB 010430; FL-OSB 010439 -FL-OSB 010442; FL-OSB 010468 -FL-OSB 010470; FL-OSB 010477-FL-OSB 010481;

- <u>Miscellaneous communications</u>:  FL-OSB 010782.

Defendants further respond that, while the witnesses deposed in this Action have not specifically recalled discussions with individual participants in which the term "wear-away" was used, the communications sent to many individual participants, as well as those at locations that were being closed, effectively communicated to them that they would or had experienced a period of wear-away, and the fact that participants had an opportunity to hear and to inquire about how their benefits would be calculated made it likely that the notion that there could be a period of wear-away was discussed, in group or individual meetings.  Defendants also incorporate by reference their Response to Interrogatory 2.

**Interrogatory No. 11**

Please identify any and all bases not otherwise identified in Defendants' responses to this First Set of Discovery Requests that Defendants contend or will contend demonstrate that the proposed Class should not be certified in whole or in part on the grounds that the claims in Counts Three or Four present questions of law and/or fact that are not common to the Class.

**Response to Interrogatory No. 11**

Defendants object to Interrogatory No. 11 to the extent that providing the information requested would reveal Defendants' counsel's strategy, mental impressions, conclusions, opinions and/or legal theories, and thus invades the attorney work-product privilege.  Defendants

further object to Interrogatory No. 11 on the grounds that it is duplicative of Interrogatory Nos. 2 and 3.  Notwithstanding these specific objections, Defendants refer Plaintiff to their Responses to Interrogatory Nos. 2 and 3, and state that at this time, Defendants do not intend to assert grounds other than those previously stated for disputing that the commonality requirements have been satisfied.

**Interrogatory No. 12**

If you do not provide an unqualified admission in response to RFA No. 13, please identify with specificity:  (a) all facts, information and/or theories for your less-than-unqualified admission in response to RFA No. 13 and/or your belief that Mr. Osberg's claim in Count Three is not typical of the Count Three claims of other members of the proposed Class; (b) the issues with respect to Count Three that you believe make Mr. Osberg's claim not typical of the Count Three claims of other Class members; and (c) the proposed Class members as to whose Count Three claims Mr. Osberg's Count Three claim is not typical.

**Response to Interrogatory No. 12**

Defendants object to Interrogatory No. 12 to the extent that providing the information requested would reveal Defendants' counsel's strategy, mental impressions, conclusions, opinions and/or legal theories, and thus invades the attorney work-product privilege. Notwithstanding this specific objection, Defendants state that Osberg's claim in Count Three is not typical of the claims of other members of the proposed Class because, among other reasons: Osberg's period of wear-away was substantially longer than many other putative Class members; Osberg's opportunity to take other employment or otherwise affect his financial circumstances following the cash balance conversion was likely different than other class members; Osberg terminated employment and received additional information concerning his benefits, which occurred more than three years and less than six years before the commencement of this lawsuit;

16

Osberg's explanation for why he did not understand that he was experiencing a period of wear-away, even when he received information about his benefits in connection with the termination of his employment, was unique; the impact of Plan amendments that Plaintiff contends might have been implemented if participants had complained about the Plan amendments would have been different for Osberg than for other Plan participants; and the circumstances presented to Osberg with respect to whether to take a lump sum distribution upon termination or upon reaching age 55 were different for him than for other Plan participants.  Defendants also incorporate by reference their responses to Interrogatory Nos. 2-3 and state that these responses also serve as explanations why the typicality standard is not satisfied.

**Interrogatory No. 13**

If you do not provide an unqualified admission in response to RFA No. 14, please identify with specificity:  (a) all facts, information and/or theories for your less-than-unqualified admission in response to RFA No. 14 and/or your belief that Mr. Osberg's claim in Count Four is not typical of the Count Four claims of other members of the proposed Class; (b) the issues with respect to Count Four that you believe make Mr. Osberg's claim not typical of the Count Four claims of other Class members; and (c) the proposed Class members as to whose Count Four claims Mr. Osberg's Count Four claim is not typical.

**Response to Interrogatory No. 13**

Defendants object to Interrogatory No. 13 to the extent that providing the information requested would reveal Defendants' counsel's strategy, mental impressions, conclusions, opinions and/or legal theories, and thus invades the attorney work-product privilege. Notwithstanding this specific objection, Defendants incorporate their response to Interrogatory No. 12, including the other responses incorporated therein as responsive to Interrogatory No. 13.

17

**Interrogatory No. 14**

Please identify any and all bases not otherwise identified in Defendants' responses to this First Set of Discovery Requests that Defendants contend or will contend demonstrate that the proposed Class should not be certified in whole or in part on the grounds that Mr. Osberg's claims under Counts Three or Four are not typical of the claims of members of the proposed Class.

**Response to Interrogatory No. 14**

Defendants object to Interrogatory No. 14 to the extent that providing the information requested would reveal Defendants' counsel's strategy, mental impressions, conclusions, opinions and/or legal theories, and thus invades the attorney work-product privilege.  Defendants further object to this Interrogatory on the grounds that it is duplicative of Interrogatory Nos. 12 and 13.  Notwithstanding these specific objections, Defendants state that, at this time, Defendants do not intend to assert grounds other than those previously stated for disputing that the typicality requirements have been satisfied.

**Interrogatory No. 15**

If you do not provide an unqualified admission in response to RFA No. 16, please identify with specificity:  (a) why Mr. Osberg is not an adequate representative of the proposed Class as to Count Three and/or Count Four; (b) whether any Class member could fairly and adequately protect the interests of the proposed Class as to Count Three and/or Count Four and if not, why not; and (c) if so, how such person differs in all relevant respects from Mr. Osberg.

**Response to Interrogatory No. 15**

Defendants object to Interrogatory No. 15 to the extent that the information requested would reveal Defendants' counsel's strategy, mental impressions, conclusions, opinions and/or legal theories, and thus invades the attorney work-product privilege.  Notwithstanding this

specific objection, Defendants incorporate their Responses to Interrogatory Nos. 2, 3, 10-14, and 17 as reasons why Plaintiff is not an adequate representative.  Defendants also state that Osberg is not a suitable class representative because he did not complain about the manner in which his retirement benefits were calculated until he was solicited by his counsel, his claimed explanation for not understanding that he was experiencing wear-away, even when receiving an explanation of how his retirement benefit was calculated, is unique and unconvincing, and his counsel engaged in sanctionable conduct in connection with the deposition of witnesses in this Action.

**Interrogatory No. 16**

Please identify with specificity all bases for your assertion (First Amended Answer, First Defense) that Count Three and/or Count Four of the Complaint fail, in whole or in part, to state a claim upon which relief can be granted.

**Response to Interrogatory No. 16**

Defendants object to Interrogatory No. 16 to the extent that providing the information requested would reveal Defendants' counsel's strategy, mental impressions, conclusions, opinions and/or legal theories, and thus invades the attorney work-product privilege. Notwithstanding these specific objections and reservations, Defendants state that Counts Three and Four of the Complaint fail, in whole or in part, to state a claim upon which relief can be granted as to Osberg because:  Osberg lacks standing to assert the claims asserted in Counts Three and Four of the Complaint because he has not suffered an injury-in-fact and/or he does not have a redressable claim; Osberg's claims are time barred by the applicable statute of limitations because, with respect to Count III, he was on notice of his claims more than six years before he filed his lawsuit, and if not, more then three years before he filed this lawsuit, and with respect to Count IV because the claims giving rise to this lawsuit occurred more than six years before the lawsuit was commenced and Plaintiff has no basis for tolling that period by means of viable

claims for fraudulent concealment; the 1996 SPD disclosed all information required by ERISA; Defendants had no fiduciary duty to make disclosures with respect to the cash balance conversion beyond those contained in the SPD and the ERISA § 204(h) notice and other participant communications; Osberg failed to allege facts to support a finding of detrimental reliance, materiality, and/or harm, absent which he cannot sustain his claims; and Osberg seeks relief that is not recoverable under Section 502(a)(3) of ERISA.

**Interrogatory No. 17**

Please identify with specificity all bases for your assertion (First Amended Answer, Second Defense) that Count Three and/or Count Four of the Complaint fail, in whole or in part, because Plaintiff has acknowledged that he did not attempt to exhaust the Plan's internal claims process prior to filing suit.

**Response to Interrogatory No. 17**

Defendants state that because some or all of Osberg's claims (including, but not limited to the newly asserted claims relating to the Early Retirement Subsidy) seek recovery of benefits under the terms of the Plan, and because resolution of those claims turns on an evaluation of factual information that could best be developed in an administrative record, these claims should have been exhausted; yet Osberg admits in paragraph 123 of his amended Class Action Complaint (Docket No. 57) that he "did not exhaust the internal claims process provided under the terms of the Plan prior to initiating this lawsuit…."  Furthermore, in the event that Osberg was to prevail on any of his substantive claims, the administrative process would need to be exhausted before the Court could properly determine whether, and the extent to which, appropriate relief should be ordered.

**Interrogatory No. 18**

Please identify with specificity all bases for your assertion (First Amended Answer, Third Defense) that Count Three and/or Count Four of the Complaint is/are barred, in whole or in part, by the applicable statute of limitations.  In particular, please identify with specificity:  (a) each and every date upon which you contend that the statute of limitations did begin or could have begun to run as to Count Three and/or Count Four, with such dates meaning the earliest date on which you contend the statute of limitations began running or could have begun running; the next-to-earliest date and each and every subsequent date other than the latest date on which you contend the statute of limitations began running or could have begun running; and the last date on which you contend the statute of limitations began running or could have begun running; (b) what occurred factually and/or legally (and/or in such other ways as you will identify with specificity) on each of the dates you will identify under subpart (a) above (or that occurred by that time or in relation to that date) that you contend caused the limitations period to start to run then (or such other time as you contend it began to run); and (c) why, based on your answers to subpart (b), you contend that the statute of limitations began to run at those times, including all reasons or bases upon which your contentions rest.

**Response to Interrogatory No. 18**

Defendants object to Interrogatory No. 18 to the extent that providing the information requested would reveal Defendants' counsel's strategy, mental impressions, conclusions, opinions and/or legal theories, and thus invades the attorney work-product privilege. Notwithstanding these specific objections and reservations, Defendants incorporate by reference their response to Interrogatory 16 and state that, with respect to Count III, the statute of limitations defense is based on evidence establishing that more than six years before the commencement of this lawsuit (and, alternatively, more than three years before the

21

commencement of the lawsuit), Osberg received communications, both orally and in writing, advising him of the manner in which his Plan benefits would be calculated, including but not limited to the fact that participants would receive the greater of the amount in their cash balance account or their accrued benefit under the prior plan, and that these communications effectively put him on notice that there would be a period of time in which the amount in his cash balance account, inclusive of the amounts accrued in that account as a result of service after January 1, 1996, would be less than the amount of his accrued benefit based on service under the prior plan, and with respect to Count IV, the statute of limitations is based on the aforementioned arguments, as well as the fact that the acts giving rise to Osberg's fiduciary breach claim occurred more than six years before his lawsuit was commenced and Osberg cannot prove that Defendants engaged in fraudulent concealment for purposes of tolling the six-year limitations period applicable to fiduciary breach claims.

The above-referenced written communications are contained in the documents produced, and Defendants refer Plaintiff to those documents identified in responses to Interrogatory Nos. 8 and 10, as well as those documents that Osberg admitted to receiving in his deposition. The witnesses with knowledge of both written and oral communications include:  Pat Peck, VP of Human Resources at Foot Locker, Inc.; Carol Kanowicz, former Director of Pension Plan and 401(k) Plan at Foot Locker, Inc.; Tom Kiley, former Manager of Benefits Planning and Design at Foot Locker, Inc.; Sherry Flesses, Corporate Benefits Technical Administrator with Foot Locker, Inc., Marion Derham, former Benefits Manager at Foot Locker, Inc., and Linda Ine, former Benefits Manager at Foot Locker, Inc.  Defendants further respond that, while the witnesses deposed have not yet specifically recalled discussions with participants in which the term "wear-away" was used, the fact that participants had an opportunity to hear and to inquire about how

their benefits would be calculated, made it likely that the notion that there would be a period of wear-away was discussed, in group or individual meetings that Osberg attended. Defendants reserve the right to assert the statute of limitations defense as to putative Class members, in the event a class is certified, based on these same reasons and any other reasons pertinent to putative Class members.

**Interrogatory No. 19**

Please identify with specificity all bases for your assertion (First Amended Answer, Fourth Defense) that Plaintiff's claims are barred by estoppel, waiver, acquiescence, and/or ratification.

**Response to Interrogatory No. 19**

Defendants object to Interrogatory No. 19 to the extent that providing the information requested would reveal Defendants' counsel's strategy, mental impressions, conclusions, opinions and/or legal theories, and thus invades the attorney work-product privilege. Notwithstanding these specific objections and reservations, in light of the completion of their internal investigation, Defendants withdraw the affirmative defenses of estoppel, acquiescence, and ratification. *See* Docket 58, Defendants' Answer to Plaintiff's Amended Class Action Complaint. Defendants further state that they reserve their right to assert the affirmative defense of waiver if a class is certified, based on the belief that members of the putative Class may have executed settlement agreements and/or releases waiving their claims to benefits under the Plan.

**Interrogatory No. 20**

Please identify with specificity all bases for your assertion (First Amended Answer, Fifth Defense) that Plaintiff's claims may be subject to offset, as provided in the Plan.

23

**Response to Interrogatory No. 20**

Defendants object to Interrogatory No. 20 to the extent that providing the information requested would reveal Defendants' counsel's strategy, mental impressions, conclusions, opinions and/or legal theories, and thus invades the attorney work-product privilege. Notwithstanding these specific objections and reservations, in light of the completion of their internal investigation, Defendants withdraw the affirmative defenses of offset. *See* Docket 58, Defendants' Answer to Plaintiff's Amended Class Action Complaint.

**Interrogatory No. 21**

Please identify with specificity all bases for your assertion (First Amended Answer, Sixth Defense) that Plaintiff's claims and/or the putative class members' claims may be barred by the releases they executed.

**Response to Interrogatory No. 21**

Defendants object to Interrogatory No. 21 to the extent that providing the information requested would reveal Defendants' counsel's strategy, mental impressions, conclusions, opinions and/or legal theories, and thus invades the attorney work-product privilege. Defendants state further that Defendants' Answer to Plaintiff's Amended Class Action Complaint (Docket No. 58) asserts that Plaintiff's claims and/or the putative class members' claims may be barred by the releases they executed in Defendants' Fourth Affirmative Defense.

Notwithstanding these specific objections and reservations, Defendants refer to the release executed by Osberg in conjunction with his election of a lump sum retirement benefit. Defendants further state that there are many Plan participants who may have executed releases upon termination of employment with Foot Locker, Inc. which may bar those participants' claims in this Action. Defendants therefore reserve their right to assert this defense in the event a class is certified. Pursuant to *Fed. R. Civ. P.* 33(d) and Local Civil Rule 33.1, Defendants

identify the following documents as responsive, although not exhaustive as a Class has not been certified, produced to Osberg: FL-OSB 007550-FL-OSB 007578; FL-OSB 009895-FL-OSB 009896; FL-OSB 010760-FL-OSB 010772; FL-OSB 010776-FL-OSB 010781. Defendants also refer to the testimony of witnesses deposed in this lawsuit, including Tom Kiley, former Manager of Benefits Planning and Design at Foot Locker, Inc., and Marion Derham, former Benefits Manager at Foot Locker, Inc.

**Interrogatory No. 22**

Please identify with specificity all bases for your assertion (First Amended Answer, Seventh Defense) that Count Three and/or Count Four of the Complaint fail, in whole or in part, because Plaintiff and/or putative class members were not likely prejudiced by Defendants' conduct. Please separately identify with specificity all bases for your assertion that Count Three and/or Count Four of the Complaint fail, in whole or in part, because Plaintiff and/or putative class members were not "harmed" by Defendants' conduct, including in your response all bases upon which you contend that actual "harm" is relevant in light of controlling precedent.

**Response to Interrogatory No. 22**

Defendants object to Interrogatory No. 22 to the extent that providing the information requested would reveal Defendants' counsel's strategy, mental impressions, conclusions, opinions and/or legal theories, and thus invades the attorney work-product privilege. Notwithstanding these specific objections and reservations, Defendants withdraw their affirmative defenses that Plaintiff's Complaint fails, in whole or in part, because Plaintiff and/or putative class members were not likely prejudiced by Defendants' conduct. *See* Docket 58, Defendants' Answer to Plaintiff's Amended Class Action Complaint.

**Interrogatory No. 23**

Please identify with specificity all bases for your assertion (First Amended Answer, Eighth Defense) that any recovery in this case would be limited to those remedies available under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

**Response to Interrogatory No. 23**

Defendants object to Interrogatory No. 23 to the extent that providing the information requested would reveal Defendants' counsel's strategy, mental impressions, conclusions, opinions and/or legal theories, and thus invades the attorney work-product privilege. Notwithstanding these specific objections and reservations, Defendants note that this affirmative defense was withdrawn.  *See* Docket 58, Defendants' Answer to Plaintiff's Amended Class Action Complaint.  Defendants further state that as their Fifth Affirmative Defense in Defendants' Answer to Plaintiff's Amended Class Action Complaint (*see* Docket 58) they assert that any recovery in this case would be limited to those remedies available under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

DATED:  April 9, 2012          By:      */s/ Myron D. Rumeld*

Myron D. Rumeld (MR-3941)
Bridgit M. DePietto (BD-1110)
Howard Shapiro (*admitted pro hac vice*)
Nicole A. Eichberger (*admitted pro hac vice*)
Robert W. Rachal (*admitted pro hac vice*)
Page W. Griffin (*admitted pro hac vice*)
Eleven Times Square
New York, NY 10036-8299
d 212.969.3021
f  212.969.2900

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 9th day of April, 2012, I served a copy of Defendants' Tenth Supplemented Responses and Objections to Plaintiff's Interrogatories via Electronic Mail upon all counsel of record.


<u>*/s/ Myron D. Rumeld*</u>
Myron D. Rumeld