UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GEOFFREY OSBERG                                      :
                                                     :
On behalf of himself and on                          :
behalf of all others similarly situated,             :
                                                     :  Case No.: 07 CV 1358 (KBF)
                Plaintiff,                           :
                                                     :
     - against -                                     :
                                                     :
FOOT LOCKER, INC.,                                   :
                                                     :
FOOT LOCKER RETIREMENT PLAN,                         :
                                                     :
                Defendants.                          :
-------------------------------------------------------------X

## JOINT PRETRIAL ORDER

1.      **Trial Counsel**.  For Plaintiff and the Class:  Eli Gottesdiener, Steven D. Cohen, Albert Huang, Gottesdiener Law Firm, PLLC, 498 7th Street, Brooklyn, NY  11215, 718.788.1500; 718.788.1650 (fax).  For Defendants:  Myron D. Rumeld, Joseph E. Clark, Proskauer Rose LLP, 11 Times Square, New York, NY 10036; Robert Rachal, Proskauer Rose LLP, 650 Poydras Street #1800, New Orleans, LA 70130.

2.      **Number of Trial Days Requests**.  The Court has ruled that "[t]here will only be 8 days of trial time allotted, split evenly."  6/12/15 Order (Dkt. 315).  Plaintiff and the Class request an allotment that reflects the fact that they have the burden of proof and the right to present a rebuttal of the defense's case.  Defendants agree with the Court's determination that 8 days of trial is appropriate, with 4 days for each party, particularly given that direct testimony is offered by declaration, and Plaintiff and the Class have access to many witnesses with whom Defendants are not permitted to communicate.

3.      **Jointly Agreed Stipulations or Statements of Fact**.  In 2012, the parties previously reached a stipulation (Dkt. 66), a copy of which is attached hereto as **Ex. 1** for the Court's convenience.  **Ex. 2** attached hereto is Defendants' statements of fact to which the Class does not dispute.

4.      **Witnesses Expected to be Offered in the Cases-in-Chief**.  The parties' statements as to the actual witnesses whose testimony they expect to offer in their cases-in-chief are attached hereto as **Ex. 3**.

5.      **Deposition Designations**.  A spreadsheet in Excel format setting forth the Class's designations of deposition testimony, together with cross-designations, objections and responses to objections and support therefore and a column for the Court's rulings is attached hereto as **Ex. 4**.  Defendants' spreadsheet is attached hereto as **Ex. 5**.  Transcripts showing the Class's designations, cross-designations and objections in accordance with the Court's Individual Rules of Practice are attached hereto as **Exs. 4A-4F**.  Defendants' transcripts are attached hereto as **Exs. 5A-5E**.  In the highlighted transcripts, the Class is is using:  green to indicate its own designations; blue to indicate Defendants' cross-designation; yellow to indicate testimony that is being designated by the Class and cross-designated by Defendants; and red to indicate any objections by either party.  Defendants are using: green to indicate its own designations; blue to indicate the Class's cross-designations; red to indicate the Class's objections; and yellow to indicate testimony that is being designated by Defendants and cross-designated by the Class.

6.      **Exhibits**.  A spreadsheet in Excel format setting forth the exhibits the parties expect to offer in their cases-in-chief, together with one star indicating where no party objects on grounds of authenticity, two stars where no party objects on any ground or, where there is an objection, the objections, responses to objections, and support therefore, is attached hereto as **Ex.**

**6**.  Consistent with the Court's Individual Rules of Practice, each party will provide the Court with a loose-leaf binder containing one copy of each documentary exhibit to which it has raised an objection.  A cross-reference of the exhibits used during depositions and the trial exhibit numbers is attached hereto as **Ex. 7**.

7.  **Motions *In Limine***.  Defendants' motion *in limine* is attached hereto as **Ex. 8**.  The Class will file its response on or before Friday, July 10 in accordance with the Court's Individual Rules of Practice.

8.  **Adverse Inference**.  The parties do not agree "on the wording of an appropriate adverse inference that the Court shall draw at trial in this matter" in light of its grant of Plaintiff's motion for spoliation sanctions.  7/25/14 Order, Dkt. 167 at 20.  The Class's proposal, previously filed as Dkt. 166, is attached hereto as **Ex. 9A**, and Defendants' proposal, previously filed as Dkt. 172, is attached hereto as **Ex. 9B**.

9.  **Proposed Findings of Fact and Conclusions of Law**.  The Class's proposed findings of fact and conclusions of law are attached hereto as **Ex. 10A.**  Defendants' proposed findings of fact and conclusions of law are attached hereto as **Ex. 10B**.

10.  **Direct Testimony**.  Declarations constituting the direct testimony of certain witnesses who the Class expects to call at trial are attached hereto as **Exs. 11A-H**.[1]  Declarations constituting the direct testimony of certain witnesses who Defendants expects to call at trial are

---

[1] Provided the Court agrees, by agreement of the parties, the written direct testimony of Class witnesses Ellen Glickfield and Rita Welz will be submitted as **Ex. 11I** and **Ex. 11J** by July 8, 2015.  This supplementation is necessary because Ms. Glickfield's deposition could not be conducted until the afternoon of June 30 and Ms. Welz's deposition has had to be postponed due to Ms. Welz's recent surgery.  *See* 5/20/15 Order (Dkt. 312) (endorsing parties' agreement for conducting pre-trial depositions of certain Class witnesses including former Foot Locker Human Resources Department employees Ms. Glickfield and Ms. Welz; "[t]he parties shall use their best efforts to complete the depositions of the designated witnesses by the end of June").  Defendants reserve their right to object to Ms. Welz's appearance as a trial witness if suitable arrangements cannot be made to take her deposition in advance of trial.

attached hereto as **Exs. 12A-C**. In the cases of the parties' respective actuarial experts and the Class's financial economics expert, they will swear into evidence relevant portions of their expert reports when called. The relevant portions of the expert reports of the Class's actuarial expert Lawrence Deutsch, E.A. are attached hereto as **Ex. 13A** (opening report) and **Ex. 13B** (rebuttal report). The relevant portions of the expert reports of the Class's financial economics expert Clark Maxam, Ph.D are attached hereto as **Ex. 14**. The relevant portions of the expert reports of Defendants' actuarial expert Lawrence Sher, E.A. are attached hereto as **Ex. 15A** (opening report), **Ex. 15B** (rebuttal report), **Ex. 15C** (supplemental report) and **Ex. 15D** (second supplemental report). The Class objects to the introduction of Ex. 15D as untimely because, by Mr. Sher's own description, his purportedly newly acquired information was readily available following a 2012 law change. As the Court was previously advised, and as the Court has apparently agreed (*see* Dkt. 312) each party intends to supplement the reports of their experts with direct testimony.

Dated:  July 1, 2015                                  /s/ *Eli Gottesdiener*
                                                       Eli Gottesdiener
                                                       Steven D. Cohen
                                                       Albert Huang
                                                       Gottesdiener Law Firm, PLLC
                                                       498 7th Street
                                                       Brooklyn, NY  11215
                                                       (718) 788-1500
                                                       (718) 788-1650
                                                       eli@gottesdienerlaw.com

*Attorneys for Plaintiff and the Class*


Dated:  July 1, 2015                                  */s/ Myron D. Rumeld*
                                                       Myron D. Rumeld
                                                       Joseph E. Clark
                                                       Proskauer Rose LLP
                                                       Eleven Times Square
                                                       New York, NY 10036-8299
                                                       Telephone: 212-969-3000
                                                       Facsimile: 212-969-2900
                                                       mrumeld@proskauer.com
                                                       jclark@proskauer.com

Robert Rachal (*admitted pro hac vice*)
Proskauer Rose LLP
650 Poydras Street
Suite 1800
New Orleans, LA 70130-6146
rrachal@proskauer.com

*Attorneys for Defendants*