

**Gottesdiener**
Law Firm, PLLC

New York | Washington, D.C.
www.gottesdienerlaw.com

498 7th Street
Brooklyn, NY 11215
Tel: 718.788.1500
Fax: 718.788.1650

**Eli Gottesdiener**
eli@gottesdienerlaw.com

October 5, 2015

By ECF

The Honorable Katherine B. Forrest, U.S. District Court Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, NY 10007-1312

    Re:    *Osberg v. Foot Locker, Inc., et al.*, 07-cv-01358 (KBF) (S.D.N.Y.)

Dear Judge Forrest:

    The parties have agreed on a proposed form of judgment, which is attached. Defendants state that their agreement to the attached proposed form of judgment is without prejudice to their rights of appeal. As the Court's September 29, 2015 Opinion and Order (Dkt. 393) contemplates, the proposed final judgment stays the remedies it sets forth to allow Defendants the opportunity to appeal.

    One matter remains to be decided but should not delay the entry of final judgment: Plaintiff's and Class counsel's motion for an award under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1) and/or the common benefit doctrine of attorneys' fees and expenses and incentive payments for the named plaintiff and testifying class members.

    The Federal Rules give the Court discretion to defer the issue of attorneys' fees until any appeal is resolved. *See, e.g.*, Fed. R. Civ. P. 23(h)(1) (providing that rules governing such motions set forth in Rule 54(d)(2) are "subject to the provisions of this subdivision (h)"; without limitation, empowering the court to direct the filing of fee motions "at a time the court sets"). Here, deferring the briefing of Plaintiff's and Class counsel's motion, the required notice to the Class, and a decision by the Court (after receiving and considering the objections of members of the 16,000 person Class) is in the interest of judicial economy and efficiency because the briefing of the motion, the Class notice, and the Court's decision might all have to be redone or substantially revisited depending on the outcome of the appeal. *See Accord Mendes Junion Int'l Co. v. Banco do Brasil*, 215 F.3d 306, 313 (2d Cir. 2000) ("in some cases the district court might prefer to address requests for attorneys' fees only after the merits of the underlying judgment have been reviewed"); *Tancredi v. Metropolitan Life Ins. Co.*, 256 F. Supp. 2d 196, 199 (S.D.N.Y. 2003), *rev'd on other grounds*, 378 F.3d 220 (2d Cir. 2004) ("a district court remains free, notwithstanding an appeal from a judgment on the merits . . . to defer such motion until the appeal is decided").

The Honorable Katherine B. Forrest                                   Gottesdiener Law Firm, PLLC
October 5, 2015
Page 2

       Accordingly, the proposed final judgment provides that briefing and notice to the Class of Plaintiff's and Class counsel's motion for an award under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1) and/or the common benefit doctrine of attorneys' fees and expenses and incentive payments approved for the named plaintiff and testifying class members is also stayed "until 90 days after issuance of the Mandate from the Court of Appeals for the Second Circuit if there is an appeal, or 30 days after disposition (meaning petition is denied or the case is resolved if granted) of a certiorari petition to the United States Supreme Court if one is filed, or for 90 days if no notice of appeal is filed within 30 days of the entry of this Final Judgment."

                                         Respectfully submitted,

                                         /s

                                         Eli Gottesdiener
                                         Counsel for Plaintiff and the Class


cc:      Defense counsel (via ECF)