UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GEOFFREY OSBERG                                    :
                                                   :
On behalf of himself and on                        :
behalf of all others similarly situated,           :
                                                   :  Case No.: 07 CV 1358 (KBF)
            Plaintiff,                             :
                                                   :
      - against -                                  :
                                                   :
FOOT LOCKER, INC.,                                 :
                                                   :
FOOT LOCKER RETIREMENT PLAN,                       :
                                                   :
            Defendants.                            :
-----------------------------------------------------------X

## CLASS COUNSEL'S NOTICE OF MOTION FOR
## ATTORNEYS' FEES AND EXPENSES, AND APPROVAL OF
## SERVICE AWARDS FOR PLAINTIFF AND TESTIFYING CLASS MEMBERS

PLEASE TAKE NOTICE that counsel for Plaintiff Geoffrey Osberg and the Class ("Class Counsel") will move the Honorable Katherine B. Forrest, United States District Judge, in Courtroom 23B at the United States Courthouse, 500 Pearl Street, New York, New York 10007-1312, pursuant to Fed. R. Civ. P. 23(h), for an award of common fund attorneys' fees and expenses from the Class's recovery under this Court's October 2015 judgment (Dkt. 399), and for approval of service awards to Mr. Osberg and the eight Class members who were deposed by Defendants and testified at the July 2015 trial, to be paid out of Counsel's fee award.

Specifically, Class Counsel move for:

- Common fund attorneys' fees of 33% of the $288,479,943 estimated value of the Class's net recovery under the October 2015 judgment formula (Dkt. 399 ¶ 2) calculated as of June 1, 2018;

- Reimbursement from the recovery of $1,520,057 in litigation expenses; and

- Service awards, to be paid out of Counsel's award, for Plaintiff Geoffrey Osberg in the amount of $50,000, and for each of the eight Class members who were deposed by Defendants and later testified at trial, in the amount of $15,000 each.

For the reasons summarized below and set forth in more detail in the memorandum, supporting declarations and exhibits accompanying this motion, Class Counsel respectfully submit each of these three requests should be granted.

### 1. Class Counsel's Fee Petition Should Be Granted as Fair and Reasonable

In February 2007, Class Counsel, on behalf of Geoffrey Osberg and a putative class of similarly situated persons, filed suit challenging the conversion of the Foot Locker Retirement Plan (the "Plan") from a traditional defined benefit pension plan to a "cash balance" plan.

Eight years later, following a two-week trial at which 21 fact witnesses and 3 experts testified, this Court issued its 83-page verdict in favor of the Class, finding the evidence "overwhelming" that Foot Locker had "egregious[ly]" violated ERISA's fiduciary standards of conduct by issuing "intentionally false and misleading" communications to Plan Participants. The Court said that the evidence presented by Class Counsel left "no doubt that Foot Locker committed equitable fraud. It sought and obtained cost savings by altering the Participants' Plan, but not disclosing the full extent or impact of those changes." *Osberg v. Foot Locker, Inc.*, 138 F.Supp.3d 517, 523-24, 558 (S.D.N.Y. 2015).

The road from the 2007 complaint to this Court's 2015 trial verdict for the Class, through the 2016-2017 battle in the Second Circuit, and finally ending with the Supreme Court's denial of *certiorari* in February 2018, was a long and arduous one. The two-week trial in 2015 was preceded by years of contentious fact and expert discovery, extensive motions practice, two rounds of summary judgment briefing, a merits review by the Second Circuit, repeated class certification briefing, and multiple petitions for decertification. Foot Locker (the successor to

Woolworth), one of the largest companies in the world, assisted by its high-powered litigators at the Proskauer and Gibson Dunn law firms, used every resource at their disposal to try to derail the Class's claims.

But the case is now successfully concluded:  The parties have stipulated and their actuaries agree that the estimated value of the Class's total recovery under the judgment formula, with interest through June 1, 2018, is **$290 million**.  See Ex. 1, Proposed Class Notice at 4 ¶ 1. The judgment amount is 100% of the relief sought in the complaint, a result achieved in class cases rarely if ever.  But as this Court—seconded by the Court of Appeals—found after "the dust on this case ha[d] settled," 138 F.Supp.3d at 523, equity demanded no less.  This means that, net of requested attorneys' fees ($95,198,381)[1] and expenses ($1,520,057), each member of the 16,400 member Class is now entitled to an additional pension benefit under the Plan with an estimated lump-sum present value of **$11,800** on average, which the vast majority of Class members can elect to receive, like their original lump sum, on a tax-deferred basis.  Deutsch Decl. ¶ 3.

This is a very substantial recovery for the cashiers, salespeople, warehouse workers, secretaries, supervisors, and managers who went to work every day believing they were earning the additional pension benefits their employer intentionally led them to believe they were earning—and, for Counsel, a tremendously gratifying result, especially given the obstacles and risks the Class faced when this case began more than 11 years ago.  From its inception and all the way through denial of Foot Locker's cert petition six weeks ago, this case had very high merits risk, very high statute of limitations risk, and very high class-certification risk that could have easily resulted in zero recovery for the Class—as is confirmed by the fact that this Court

---

[1] $95,198,381 is 33% x ($290 million - $1,520,057 expenses), *i.e.*, 33% of the estimated value of the total recovery under the judgment formula calculated as of June 1, 2018, net of reimbursable expenses.

dismissed the case in its entirety with prejudice on multiple grounds in 2012. *See Osberg v. Foot Locker, Inc.*, 907 F.Supp.2d 527, 529, 533-35 & n.4 (S.D.N.Y. 2012) (granting summary judgment to Foot Locker on merits and statute of limitations, and suggesting the case could not have been properly certified as a class action anyway). But Class Counsel overcame that setback and continued to run what turned out to be a more than decade-long gauntlet of risk, in the end eliciting a ruling that "immediately becomes the polestar for claims of this nature." Ex. 3, *Reflections on Osberg v. Foot Locker*, July 7, 2017.[2]

Now, having carried the Class across the finish line, Counsel request a fee that appropriately reflects the tremendous obstacles and risks they overcame, the enormous expenditures of time and capital that required, the extraordinary results those efforts achieved for the Class—and that shows counsel in future cases that uncompromisingly pressing ahead, as Class Counsel did here, to achieve maximum recovery for their clients will be justly rewarded.

If ever there were a case where a one-third fee was appropriate and well-deserved, it is one such as this—which lasted more than a decade, involved a successful trial, two successful appeals, and achieved a recovery of a full 100% of the damages claimed. As shown in Counsel's memorandum, one-third is comfortably within the range of fees regularly awarded in high-risk cases like this that produce exceptional results. Indeed, the average or typical fee percentage even in <u>settled</u> class cases is in the 25% to 30% range. *See, e.g., Manual for Complex Litig*. § 14.121 (4th ed. 2007) ("attorneys' fees awarded under the percentage method are often between 25% and 30% of the fund"). An average by definition means some are above and some below. If this 100%-recovery, 11-year litigated-to-judgment case is not above average, it is hard to know what is.

---

[2] All exhibits referred to in this motion and the supporting memorandum are attached to the Gottesdiener Declaration (Dkt. 407).

"[T]he Court's major focus in fashioning a fee award is encouraging the bar to undertake future risks for the public good in tomorrow's cases." *In re AOL Time Warner, Inc. Secs. & ERISA Litig.,* 2006 WL 3057232, at *15 (S.D.N.Y. Oct. 25, 2006). Thus, the 33% award requested here is not merely appropriate compensation in light of the risks borne, time and effort expended, and outstanding results achieved, but to show counsel in future meritorious cases that it pays for them to assume the added risk, delay, and difficulties of litigating the case to judgment to secure complete relief for the class, as Counsel did here. This is a model case in which all of the central players—Class Counsel, Plaintiff Osberg, defense counsel, and the Courts—performed their jobs exactly the way the system wants them to, and 16,400 hard-working employees got the justice they deserved. Class Counsel's compensation should reflect their important role in achieving this exceptional outcome.

### 2. Class Counsel's Expense Reimbursement Request Should Be Granted

In the course of prosecuting this case over the past decade on behalf of the Class, Counsel incurred $1,520,057 in out-of-pocket expenses. The vast majority of these charges were for experts, including the Class's enrolled pension actuary, Mr. Deutsch, who has actively worked on the case for more than 11 years and testified at trial. The balance was for transcripts, class notices, computerized research, database management, court filings, duplication of documents, travel, and other incidental expenses typical of complex litigation that customarily would be charged to clients in non-contingency cases. Reimbursement should be approved because these expenditures were reasonable for a case of this complexity, scope, and duration.

### 3. The Requested Service Awards Should Be Approved

The service awards requested for Plaintiff Geoffrey Osberg in the amount of $50,000 and for the eight Class members who were deposed and testified at trial—Ada Cardona, Russell

Howard, Rita Welz, Ralph Campuzano, Doris Albright, Richard Schaeffer, Michael Steven and Ellen Glickfield—in the amount of $15,000 each, should also be approved as well-deserved, appropriate and in line with those awarded in other cases.  Class Counsel's request to pay these awards out of their own award should also be approved as reasonable.

     A proposed Order will be submitted separately via email to the Orders & Judgments Clerk pursuant to ECF Rule 18.2.

     WHEREFORE, for the reasons set forth in Class Counsel's submissions and for such other reasons as may appear to the Court, Class Counsel respectfully request that the Court grant the instant motion.

Dated:  April 5, 2018                   Respectfully submitted,

                                                /s/ *Eli Gottesdiener*
                                                Eli Gottesdiener [EG 0111]
                                                Steven D. Cohen
                                                Albert Huang
                                                **GOTTESDIENER LAW FIRM, PLLC**
                                                498 7th Street
                                                Brooklyn, NY 11215
                                                (718) 788-1500
                                                (718) 788-1650
                                                eli@gottesdienerlaw.com

                                                *Attorneys for Plaintiff and the Class*