UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GEOFFREY OSBERG                                    :
                                                   :
On behalf of himself and on                        :
behalf of all others similarly situated,           :
                                                   :   Case No.: 07 CV 1358 (KBF)
                        Plaintiff,                 :
                                                   :
        - against -                                :
                                                   :
FOOT LOCKER, INC.,                                 :
                                                   :
FOOT LOCKER RETIREMENT PLAN,                        :
                                                   :
                        Defendants.                :
-----------------------------------------------------------------X

## [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS FOR PLAINTIFF AND TESTIFYING CLASS MEMBERS

This matter came on for hearing on June 8, 2018 on Class Counsel's motion for

attorneys' fees and expenses from the common fund created by this Court's October 2015

judgment (Dkt. 399) and for approval of service awards to Mr. Osberg and the eight Class

members who were deposed by Defendants and testified at the July 2015 trial, to be paid out of

Class Counsel's fee award.

Now, the Court, having heard argument and having reviewed all of the evidence and

other submissions presented with respect to the motion and the record of all proceedings in this

case, enters the following findings:

1.      On or about April 10, 2018, the Notice Administrator caused the Notice to be

mailed via first-class mail to the last known address of each individual identified as a Class

member, as evidenced by the Notice Administrator's June 1, 2018 filed proof of mailing (Dkt.

415).  In addition, follow-up efforts were made to send the Notice to individuals whose original notice was returned as undeliverable, as the Notice Administrator has attested.  *Id.* at 2.

2.     The Court finds that the Notice gave Class members notice "in a reasonable manner" of Class Counsel's motion for attorneys' fees and expenses and approval of service awards for Plaintiffs and the testifying Class members, and properly informed them of their right to comment or object in accordance with Fed. R. Civ. P. 23(h).

3.     In response to the Notice, no Class member submitted an objection.

4.     As reflected in the jointly proposed Class Notice, Dkt. 407-1, the parties have stipulated and their actuaries agree that the estimated value of the Class's total recovery as of June 1, 2018 is $290 million.

5.     Class Counsel have sought an award of attorneys' fees equal to 33% of this $290 common fund, net of the $1,520,057 in out-of-pocket expenses incurred during the litigation of this matter for which Counsel seek reimbursement.  Hence, the fee award sought is 33% of $288,479,943, which equals $95,198,381.

6.     Under *Goldberger v. Integrated Resources Inc.*, 209 F.3d 43 (2d Cir. 2000), "the traditional criteria in determining a reasonable common fund fee, includ[e]: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the [recovery]; and (6) public policy considerations." *Id.* at 50.  In addition to the criteria set forth in *Goldberger*, courts in the Second Circuit consider the reaction of the class to the fee request in deciding how large a fee to award. *In re Hi-Crush Partners L.P. Sec. Litig.*, 2014 WL 7323417, at *18 (S.D.N.Y. Dec. 19, 2014).  The Court finds, consistent with "'a jealous regard to the rights of those who are interested in the fund,'" *id.* at 53, that all six *Goldberger* factors, and the

2

absence of any objection from even a single member of the Class, weigh in favor of a 33%

award, and Class Counsel's requested fee award is hereby approved.

      7.     The Court finds that the requested 33% fee is fair and reasonable in light of the

following facts and circumstances:

      (a)     **Quality of Representation.** Class Counsel took this case to trial and

prevailed, and then successfully defended the Court's judgment on appeal and in opposition to

Defendants' petition for *certiorari* in the United States Supreme Court;

      (b)     **Extraordinary 100% Recovery.** Counsel thereby achieved an

exceptional, perhaps unprecedented 100% recovery of the Class's maximum possible damages

claim against a formidable opponent represented by first-rate legal counsel;

      (c)     **Risk.** Counsel faced very high risks of non-recovery from the inception of

the case in 2007 through the denial of *certiorari* in 2018, including very high merits risk, very

high statute of limitations risk, and very high class-certification risk that could have easily

resulted in zero recovery for the Class and Class Counsel—as is confirmed by the fact that this

Court dismissed this case in its entirety with prejudice on multiple grounds in 2012;

      (d)     **Scope and Magnitude.** The case was exceedingly difficult and complex

and of considerable scope and extraordinarily long duration;

      (e)     **Time and Effort.** Class Counsel expended very significant time and

resources in prosecuting this action, all with no guarantee of payment;

      (f)     **Awards in Other Cases.** The requested award compares very favorably

to awards in other successful class cases tried to verdict, *see* Rubenstein Decl. ¶¶ 9, 19, Dkt. 461-

1, *Krakauer v. Dish Network*, No. 14-333 (M.D.N.C. May 7, 2018) (36% on average), as well as

awards in settled cases involving large ($100 million-plus) "mega-funds" where courts, including

3

many within this Circuit, have awarded attorneys' fees that equal or exceed the 33% fee sought here, in circumstances that do not approach the efficacy and value that Class Counsel's tenacity and commitment—and assumption of great financial risk by litigating the case to judgment—created for the Class here;

(g)  **Public Policy**. As a matter of public policy, the requested 33% common fund is necessary to ensure that counsel in future meritorious cases will not hesitate to be equally persistent and press forward as Class Counsel did here to achieve maximum recovery for their clients despite the complications, difficulties, and risk.

(h)  **The Class's Reaction**. Under the circumstances here, the Class's lack of objection should be taken to mean that the Class consents to Counsel's request and finds it reasonable. *See In re Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litig.*, 280 F.R.D. 364, 380 (N.D. Ill. 2011) ("the day has long since passed when class members simply accepted the amount of proposed fees"). Here, the notice campaign was unusually successful, with only a very small number of notices returned as undeliverable. Yet not a single Class member objected. Had Class members found the requested one-third fee unreasonable, they could have easily registered an objection—and had every incentive to do so since, as the notice made clear, they stood to gain material additional benefits if the Court agreed with their objection.

8.  When a percentage-of-the-fund approach is used, the Court may also use a lodestar "cross-check" based on a summary of hours to test the reasonableness of the percentage. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 123 (2d Cir. 2005). Applying the lodestar method as a cross check, this Court finds that the fee Class Counsel seeks is reasonable. Based on Class Counsel's reported lodestar, the requested 33% award equates to an implied

multiplier of 4.8, which is in line with implied multipliers approved in other comparable cases in this Circuit and elsewhere.

9.      The Court finds that the $1,520,057 in requested out-of-pocket litigation expenses and costs incurred have been adequately documented, were reasonably incurred in connection with the prosecution of the action, and are reasonable for a case of this complexity, scope, and duration.  Reimbursement of the requested amount is also hereby approved.

10.     The Court directs the Foot Locker Qualified Settlement Trust (the "Fund") – a $150 million trust fund established by Foot Locker with the intent it be utilized in the first instance to satisfy the Court's award of attorneys' fees and expenses – to disburse, within 7 business days of this Order, the attorneys' fees and expenses approved in ¶¶ 5-9 above in accordance with Class Counsel's payment instructions.

11.     The Court finds that the service awards requested for Plaintiff Geoffrey Osberg in the amount of $50,000 and for the eight Class members who were deposed and testified at trial—Ada Cardona, Russell Howard, Rita Welz, Ralph Campuzano, Doris Albright, Richard Schaeffer, Michael Steven and Ellen Glickfield—in the amount of $15,000 each, are well-deserved, appropriate, and in line with those awarded in other cases.  The Court authorizes and directs Class Counsel to pay these awards within 10 business days of this Order.

SO ORDERED.

Dated: New York, New York
____6/8____, 2018.

_____
KATHERINE B. FORREST
United States District Judge

5